## 44181. POPPLE v. POPPLE.
(355 SE2d 657)

HUNT, Justice.

In this granted domestic relations appeal, we again consider the extent of our jurisdiction under OCGA § 9-10-91 (5), providing for long-arm jurisdiction in "proceedings for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents." We have already held in *Smith v. Smith,* 254 Ga. 450, 451 (330 SE2d 706)

(1985), that this statute is applicable to actions for modification. In the case before us, the trial court overruled the husband's challenge to its jurisdiction and modified the wife's alimony award. The husband made only a special appearance to contest jurisdiction and appeals the trial court's ruling.

The parties did live together in Georgia from 1953 until 1967, when the husband left the state seeking new employment. After three years' separation, the husband sued the wife for divorce in Arkansas, where she made an appearance and was awarded alimony in 1971. The husband now lives in Florida and has not resided in Georgia since the parties' separation in 1967.[1]

In *Smith v. Smith*, supra at 452, we recognized that each case must be considered on its own facts. Here, while the husband maintained a marital residence in Georgia and the separation occurred here, the divorce decree was actually entered in Arkansas. The husband has not been a resident of this state for nearly twenty years and thus has not availed himself of the privileges of this state. We find his connection with the state sufficiently attenuated under these facts that due process would be offended by the exercise of jurisdiction over his person to modify the domesticated Arkansas divorce decree. Compare *Smith v. Smith*, supra 254 Ga. at 450, where the parties were divorced in 1982, the husband moved to Colorado in 1983, and the wife's suit for contempt and modification was filed soon thereafter, and *Marbury v. Marbury*, 256 Ga. 651 (352 SE2d 564) (1987), where the husband and his family had left the state ten years before the wife sued the husband for divorce here in Georgia. Assuming without deciding that the first and second prongs of the three-part test set out in *Davis Metals v. Allen*, 230 Ga. 623, 625 (198 SE2d 285) (1973), have been met in this case, we hold that the exercise of jurisdiction over the husband under the facts of this case offends notions of fair play and justice and fails the third prong of the test. The judgment must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 19, 1987.

*Worthington & Flournoy, Samuel W. Worthington III,* for appellant.

---

[1] The wife argues that she has brought numerous garnishment or contempt actions against the husband in the courts of Muscogee County between 1971 and 1981, but this is not reflected in the record.

The Arkansas decree was domesticated in connection with this action to modify, and was registered in the Superior Court of Muscogee County on March 7, 1986. The court order domesticating the judgment and modifying the alimony was dated June 26, 1986.