## 45200. KENDRICK v. PARKER.
### (367 SE2d 544)

SMITH, Justice.

We granted the appellant's discretionary application to consider whether the trial court correctly determined that it did not have personal jurisdiction over the appellee under OCGA § 9-10-91 (5). We reverse.

The appellant, Ms. Kendrick, filed a petition for modification of child support and for contempt in the Clayton County Superior Court based on a domesticated divorce decree. She alleged that the court had jurisdiction over the non-resident appellee pursuant to OCGA § 9-10-91 (5). The appellee denied jurisdiction and contended: he is a resident of North Carolina, he has been in the Army since 1964 and as a result of his military service he has been stationed in various locations, and his only contact with Georgia was when he was stationed at Fort McPherson and Fort Gordon. He argued that he has never nor does he now reside within the State of Georgia.

The trial court concluded that the appellee did not maintain a matrimonial domicile in Georgia at the time the action was commenced and that he did not reside in the state prior to the commencement of the action "except for times he was in Georgia pursuant to military orders, and the short period of time in 1975 previous to the divorce." The trial court dismissed the appellant's petition for lack of personal jurisdiction.

1. Residing in Georgia pursuant to military orders does not prevent a member of the military from electing to become a resident of the state. "It is as competent for a soldier to abandon his domicile or residence and acquire a new one as it is for any other citizen to do so." *Engram v. Faircloth*, 205 Ga. 577 (54 SE2d 598) (1949).

The appellant appeared in the Columbia County, Georgia domestication proceeding with an attorney, and voiced no objection to the jurisdiction of the court.[1] The court specifically found that he was a resident of Columbia County and subject to the jurisdiction of the court. "[A] defendant waives the defenses of improper venue and lack of jurisdiction of the person by failing to raise such defenses by motion or through responsive pleadings." *Ledford v. Bowers*, 248 Ga. 804, 807 (286 SE2d 293) (1982). The appellee's argument that he has never been a resident of the State of Georgia must fail.

2. Due process requires that the non-resident appellee have mini-

---

[1] The parties' 1979 Washington divorce decree was domesticated in 1982. The appellant was not found to be in contempt, but a judgment was entered against him ordering him to pay the appellee $5,972.32 in past alimony obligations. The domestication order recited that no general judgment was given to the appellant on the $4,500 special lien she was granted under the Washington decree because the court found that the lien was adequately secured at that time.

mum contacts with Georgia before he can be brought into Georgia courts pursuant to the Georgia Long-Arm Statute, OCGA § 9-10-91 (5).

Each defendant's contacts with Georgia must be assessed individually. Applying the rules set out in *Smith v. Smith*, 254 Ga. 450, 452 (330 SE2d 706) (1985), [2] we find the following: 1) The appellee purposefully availed himself of the privilege of using the Georgia courts when he appeared as a resident of Columbia County for the domestication of the 1979 Washington divorce decree, and he purposefully availed himself of the protection of the Columbia County Superior Court and the laws of Georgia to successfully defend himself on contempt charges. 2) The appellant's legal cause of action against the non-resident appellee arises out of the earlier domestication and contempt action. The trial court did not grant a judgment to the appellant on the $4,500 at that time, because it found that the lien was "adequately secured by two parcels of real estate in Graham, Washington, and held by [appellee] herein." In the present action, filed seven (7) years after entry of the Washington decree, the appellant is seeking a modification of the child support provisions of the domesticated decree and compliance with the portion of the domesticated decree awarding her the $4,500 lien. The appellee was required to pay the appellant $4,500 when the real estate was sold, or within five (5) years of the order. 3) The exercise of jurisdiction over the appellant does not offend traditional notions of "fair play" and "substantial justice." The appellee was a resident of Georgia and a party to the domestication proceeding. He allegedly has not complied with the terms of the domesticated decree, and it cannot be said that he could not "'reasonably anticipate being haled into court' in Georgia. [Cit.]" *Smith v. Smith*, supra at p. 454.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

DECIDED MAY 4, 1988.

*Cowen & Cowen, Linda S. Cowen*, for appellant.

---

[2] "The rules are: '(1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum . . .;(2) The plaintiff must have a legal cause of action against the nonresident, which arises out of, or results from, the activity or activities of the defendant within the forum and (3) If (and only if) the requirements of Rules 1 and 2 are established, a "minimum contact" between the non-resident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of "fair play" and "substantial justice." In other words, the exercise of jurisdiction based upon the "minimum contact" must be "reasonable."'" *Smith v. Smith*, 254 Ga., supra at 453.