S90A0809. BEASLEY v. BEASLEY.
(396 SE2d 222)

CLARKE, Chief Justice.
Jane Salter Beasley brought this action for separate maintenance

---

and division of marital assets against Benjamin Beasley, who currently resides in Saudi Arabia. He was served with process pursuant to OCGA § 9-10-91 while visiting in Florida. Mr. Beasley filed a motion to dismiss for lack of personal jurisdiction, asserting that the courts in Georgia could not constitutionally exercise jurisdiction over him because he lacks the requisite "minimum contacts" with the state. The trial court granted the motion to dismiss. We granted this application for discretionary appeal and reverse.

Our precedents establish that a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. *Easterling v. Easterling*, 231 Ga. 90 (200 SE2d 267) (1973); *Smith v. Smith*, 223 Ga. 551 (156 SE2d 916) (1967). A motion to dismiss for lack of personal jurisdiction must be granted if there are insufficient facts to support a reasonable inference that defendant can be subjected to the jurisdiction of the court. To demonstrate that the court lacks jurisdiction, defendant may raise matters not contained in the pleadings. However, when the outcome of the motion depends on unstipulated facts, it must be accompanied by supporting affidavits or citations to evidentiary material in the record. See Uniform Superior Court Rule 6.1. See also *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (366 SE2d 223) (1988). Further, to the extent that defendant's evidence controverts the allegations of the complaint, plaintiff may not rely on mere allegations, but must also submit supporting affidavits or documentary evidence. Id. at 846.

The trial court considering a motion to dismiss for lack of jurisdiction has discretion to hear oral testimony or to decide the motion on the basis of affidavits and documentary evidence alone pursuant to OCGA § 9-11-43 (b). *McPherson v. McPherson*, 238 Ga. 271 (232 SE2d 552) (1977). If the motion is decided on the basis of written submissions alone, as was the motion in this case, disputes of fact found in the affidavits are resolved in favor of plaintiff. See generally C. Wright and A. Miller, 5 Federal Practice and Procedure, § 1351 (West 1969, 1989 Supp.). Further, if a motion is decided on the basis of the written submissions, the reviewing court is in an equal position with the trial court to determine the facts and therefore examines the facts under a non-deferential standard. Cf. *Carole Lyden Smith Enterprises, Inc. v. Mathew* 193 Ga. App. 320 (387 SE2d 577) (1989). In this case, defendant presented no affidavits, documents or oral testimony. We therefore accept the statements contained in the plaintiff's complaint and affidavits as true for the purpose of deciding the motion.

Defendant was an army officer stationed at Fort Gillem, Georgia when he married plaintiff in 1979. Before marrying plaintiff, he had lived in Georgia for two years and had obtained a divorce from a former wife in the Superior Court of Clayton County, Georgia. Following

a marriage ceremony in South Carolina, the parties resided in Georgia until 1981, when defendant was transferred to Dhahran, Saudi Arabia. In 1982 they returned to Georgia and defendant retired from the military. For a short time after defendant's retirement the parties lived with plaintiff's mother in Savannah, Georgia. Then they went to Saudi Arabia as employees of Arabian American Oil Company. Throughout their stay together in Saudi Arabia, they intended that upon their return to the United States, they would continue to reside in Georgia. They made periodic visits to the United States, including visits to plaintiff's mother's home in Savannah, Georgia. It was on one such visit that defendant first requested a divorce. The parties apparently decided not to file for divorce at that time, and returned to Saudi Arabia. Shortly thereafter, defendant withdrew his sponsorship of plaintiff so that she was forced to resign her employment and leave the country. Plaintiff returned to Georgia and resides here. Defendant claims no residence other than in Saudi Arabia, but he remains a citizen of the United States. During the marriage the parties have acquired substantial assets, including over $200,000 deposited in Swiss bank accounts. Plaintiff is now unemployed and in need of support.

Due process requires that individuals have "fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign." *Burger King v. Rudzewicz*, 471 U. S. 462 (105 SC 2174, 85 LE2d 528) (1985). In evaluating whether a defendant could reasonably expect to be haled into court in a particular forum, courts examine defendant's contacts with the state, focusing on whether (1) defendant has done some act to avail himself of the law of the forum state; (2) the claim is related to those acts; and (3) the exercise of jurisdiction is reasonable, that is, it does not violate notions of fair play and substantial justice. *Straus v. Straus*, 260 Ga. 327 (393 SE2d 248) (1990); *Smith v. Smith*, 254 Ga. 450 (330 SE2d 706) (1985). These three elements do not constitute a due process formula, but are helpful analytical tools which ensure that a defendant is not forced to litigate in a jurisdiction solely as a result of "random," "fortuitous" or "attenuated" contacts. *Burger King*, supra at 475. The first two elements are used to determine whether defendant has established the minimum contacts necessary for the exercise of jurisdiction. If a defendant has established minimum contacts, the court may then evaluate other factors that impact on the reasonableness of asserting jurisdiction, such as the burden on defendant, the forum state's interest in adjudicating the dispute, plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the states in furthering substantive social policies. Id. at 477.

Applying these principles to the facts set forth above, we con-

clude that defendant's contacts with this state are sufficient to satisfy due process. Under the first prong of *Smith*, supra, we note that defendant purposefully availed himself of the privilege of conducting activities in the forum by residing in this state for two years prior to marrying plaintiff, by obtaining a divorce from his former wife in this state, by marrying a resident of this state, by maintaining a marital residence in this state from 1979 to 1981, by returning to Georgia to retire from the military, by residing in Savannah for a short time thereafter, and by returning to Georgia for visits.

The fact that defendant's contacts with this state took place several years ago does not affect the analysis under the first prong of *Smith*. Under the third prong of *Smith*, however, the length of time that has elapsed since defendant's purposeful activity in this forum may impact on the reasonableness of exercising jurisdiction. *Popple v. Popple*, 257 Ga. 98 (355 SE2d 657) (1987) (husband's absence from Georgia for twenty years rendered his contacts too attenuated to support exercise of jurisdiction).

Under the second prong of *Smith*, the claim must be one that arises out of or results from the defendant's forum-related activities. Defendant argues that this action does not arise out of his ties to this forum because there is no evidence that the problems between the parties occurred during their residence in Georgia and because there is no existing Georgia divorce decree or support order governing the parties' rights. Similar facts have been cited in other cases, see, e.g., *Kendrick v. Parker*, 258 Ga. 210 (367 SE2d 544) (1988), but no specific set of facts is necessary for the determination that the cause of action arises out of the contacts with the state. Although domestic relations actions, unlike tort or contract cases, do not always yield to a simple determination of what arises out of or results from forum-related activities, we conclude that there is unquestionably a nexus between residence in the forum state with a spouse or family and a domestic relations action to dissolve the relationship or enforce those family obligations. See "The Georgia Domestic Relations Long-arm Statute: An Appraisal," 18 Ga. L. Rev. 691, 722 (1984). This is especially true when the forum is the last or only state in which the parties resided together. We do not agree with the trial court's conclusion that the claim must arise from conduct or acts committed in Georgia.

Finally, we must consider whether the exercise of jurisdiction is reasonable. We conclude that it is. Virtually all factors weigh in favor of the Georgia court exercising jurisdiction in this case. Although defendant's contacts with this forum are somewhat remote in time, they are neither happenstance nor tenuous. Further, this is the only state that has any contact with the parties and their marital relationship. There is no other forum available or more convenient to try this action. Additionally, this state and the United States have a common

interest in this case in providing for the support of one of its citizens. See *Smith,* supra at 453. This state and its sister states also have an interest in furthering a substantive social policy favoring spousal support and equitable division of marital assets. Those goals cannot be realized if plaintiff is precluded from pursuing this action in this country. Finally, it was not plaintiff's unilateral activity that caused her to travel back to Georgia while her husband remains in Saudi Arabia. By his own admission he withdrew his "sponsorship" of her. It was his action that forced her to resign her employment and return to Georgia. Under these circumstances, fairness dictates that the Georgia courts exercise jurisdiction.

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs in the judgment only; Bell, J., who dissents; Weltner, J., not participating.*

DECIDED SEPTEMBER 27, 1990.

*McGuire & Harper, James D. McGuire, David H. Bedingfield,* for appellant.

*Hiles & Rowen, Gordon Hiles,* for appellee.