S91A0219. FRALIX v. CORDLE.
(403 SE2d 793)

BENHAM, Justice.
In this appeal, filed after we granted appellant former husband's application for discretionary review, we again measure the length of the domestic relations subsection of Georgia's Long-Arm Statute, OCGA § 9-10-91 (5). The issue is whether appellant's complaint for downward modification of his obligation to pay alimony was subject to dismissal for lack of personal jurisdiction of appellee former wife.[1]

The parties maintained a matrimonial domicile in Georgia from 1980 to 1986, when appellee moved to South Carolina. In 1986, appellee filed for divorce in DeKalb County and the judgment of divorce, entered in 1987, provided for the payment of alimony from appellant to appellee. Appellee filed garnishment actions in Fulton County against appellant for alimony arrearages in September 1988 and April 1989. Appellant filed his petition for modification in Clayton County in May 1990, claiming the court had personal jurisdiction over appellee by virtue of OCGA § 9-10-91 (5).

In light of our holding in Straus v. Straus, 260 Ga. 327 (393 SE2d 248) (1990), we hold that the trial court erred in dismissing appellant's complaint for lack of personal jurisdiction of appellee.

> The husband and wife maintained a matrimonial domicile in Georgia "in which [the wife] incurred certain rights and obligations." . . . The wife purposefully availed [herself] of the privilege of using the Georgia courts in dissolving [her] marriage. As a result, [she] was granted certain rights and obligations under both the laws of this state and the final judgment. . . . [She] had been residing outside the state for only

---

[1] A petition for modification of alimony is covered by OCGA § 9-10-91 (5). Smith v. Smith, 254 Ga. 450 (1) (330 SE2d 706) (1985).

[three] years at the time the husband filed this action for modification. Also, the wife used the Georgia courts to bring [garnishment actions] against the husband. . . . [*Straus v. Straus*, supra, Div. 2 (a).]

Appellee attempts to distinguish *Straus* on the ground that Mrs. Straus used the Georgia courts to bring an action for contempt against her former husband, while appellee used the Georgia courts to bring garnishment actions. The type of action brought does not distinguish these cases; rather, the bringing of an action in a Georgia court to enforce rights and obligations granted under Georgia law and the terms of a Georgia divorce makes these cases more similar than disparate.[2] See *Smith v. Smith*, 254 Ga. 450 (3) (a) (330 SE2d 706) (1985).

As in *Smith v. Smith*, supra, [and *Straus v. Straus*, supra,] we find the wife's connection with the state sufficient so that her being subjected to the jurisdiction of the Georgia courts does not offend " 'traditional notions of fair play and substantial justice.' " [Cit.] The wife could " 'reasonably anticipate being haled into court' " in Georgia. *Smith v. Smith*, supra. [*Straus v. Straus*, supra at Div. 2.]

The trial court erred in granting appellee's motion to dismiss for lack of personal jurisdiction.

*Judgment reversed. All the Justices concur, except Bell, J., who dissents.*

DECIDED MAY 10, 1991.

*Weinstock & Scavo, John P. Wilson III, John M. Bruce,* for appellant.

*Richard C. Foxworth,* for appellee.

[2] A payor former spouse may not file a counterclaim seeking modification of a support obligation in an action brought to enforce that support obligation. *Hancock v. Coley*, 258 Ga. 291 (4) (368 SE2d 735) (1988).