A92A0286. MILLARD v. MILLARD.
(419 SE2d 718)

POPE, Judge.

Plaintiff/appellant Arthur Millard and defendant/appellee Donalinda Millard, who were married in 1968, were husband and wife when they moved to California in January 1973. In 1978, while the parties were still residing in California, defendant filed for divorce against plaintiff. Plaintiff was served with the divorce action in California, hired California counsel, filed an answer, and actively litigated the divorce in California. Prior to a final decree being entered in the divorce in 1981, plaintiff, who was employed by the U. S. Army,

moved to Georgia. In December 1983, a California court entered an order establishing plaintiff was in arrears in his alimony and child support payments to defendant. Defendant's counsel filed an order to show cause for wage assignment for child and spousal support in California, and although court records indicate that plaintiff was personally served with the order to show cause in Augusta, Georgia, he failed to make an appearance in the California proceeding. In August 1984, a wage assignment order was entered by the California court which was forwarded by defendant's attorney to Indiana where the U. S. Army has its payroll office. The order provided that the U. S. Army was to deduct the sum of $300 per month from plaintiff's active and retirement pay until further notice and the sum of $700 per month from his active and retirement pay for 21 months starting September 15, 1984. Since 1984, the U. S. Army payroll department in Indiana has purportedly deducted in excess of $39,000 from plaintiff's active and retirement pay pursuant to the wage assignment order and continues to deduct the designated amounts from his retirement pay.

On or about February 27, 1991, plaintiff filed the present action in the Superior Court of DeKalb County seeking legal and equitable relief from defendant's alleged wrongful levy on his military pay and claiming inter alia that the wage assignment order was void on its face because plaintiff had not been subject to personal jurisdiction in California in 1984 and had no notice or opportunity to contest jurisdiction in that proceeding. Defendant, who was served with this action in New Mexico where she has resided since 1987, filed an answer to plaintiff's complaint denying the allegations contained therein and raising inter alia the affirmative defense of lack of personal jurisdiction over defendant.

Plaintiff moved for partial summary judgment on his claim for injunctive relief on the grounds that the California order was void because of lack of personal jurisdiction over plaintiff and because defendant failed to have the California order domesticated in Georgia. Defendant then moved to dismiss the present action for lack of jurisdiction and venue, or in the alternative for summary judgment. The trial court denied plaintiff's motion for summary judgment and granted defendant's motion to dismiss. Plaintiff appeals.

1. Plaintiff first contends the trial court erred in granting defendant's motion to dismiss and ruling that defendant did not have sufficient relevant contacts with this State to support personal jurisdiction over the non-resident defendant. Specifically, plaintiff argues that defendant's two-day visit to Fort McPherson, Georgia, shortly after the divorce action was filed when she accompanied her daughter to see plaintiff in compliance with a California court order on visitation, and defendant's attorney's trip to Georgia in 1984 to take plaintiff's deposition for use in one of the California proceedings pertaining to the

divorce were sufficient relevant contacts to Georgia to support personal jurisdiction over defendant. Plaintiff further argues that assuming arguendo these two trips were not sufficient relevant contacts for jurisdictional purposes, the courts of this state still have personal jurisdiction over defendant pursuant to Georgia's long-arm statute because although the wage assignment order originated in a California court and the U. S. Army processes his pay in Indiana, the deductions from his military pay constitute a constructive taking of his property in Georgia where he resides and is entitled to receive his check. He contends that by executing the California wage assignment order, defendant commits a purposeful act in Georgia each time plaintiff receives a reduced check, thereby subjecting defendant to jurisdiction in Georgia by virtue of either OCGA § 9-10-91 (2) or OCGA § 9-10-91 (3).

"Our precedents establish that a defendant who files a motion to dismiss for lack of personal jurisdiction has the burden of proving lack of jurisdiction. [Cits.] A motion to dismiss for lack of personal jurisdiction must be granted if there are insufficient facts to support a reasonable inference that defendant can be subjected to the jurisdiction of the court." *Beasley v. Beasley,* 260 Ga. 419, 420 (396 SE2d 222) (1990).

"[T]o satisfy due process, the requirements of *Intl. Shoe Co. v. Washington,* 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945) must be met as to each defendant over whom a state court exercises jurisdiction. (D)ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' Id. at 316." (Indention omitted.) *Straus v. Straus*, 260 Ga. 327, 328 (2) (a) (393 SE2d 248) (1990), overruled on other grounds, *Scruggs v. Ga. Dept. of Human Resources,* 261 Ga. 587 (408 SE2d 103) (1991). Furthermore, "[d]ue process requires that individuals have 'fair warning that a particular activity may subject them to the jurisdiction of a foreign sovereign.' [Cit.]" *Beasley v. Beasley,* supra at 421. "Three rules to determine the power of this state to exercise jurisdiction over a nonresident have been gleaned. The rules are: '(1) The nonresident must purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum . . . ; (2) The plaintiff must have a legal cause of action against the nonresident, which arises out of, or results from, the activity or activities of the defendant within the forum and (3) If (and only if) the requirements of Rules 1 and 2 are established, a "minimum contact" between the nonresident and the forum exists; the assumption of jurisdiction must be found to be consonant with the due process notions of "fair play" and "substantial justice." In

other words, the exercise of jurisdiction based upon the "minimum contact" must be "reasonable." ' [Cit.]" *Smith v. Smith,* 254 Ga. 450, 453 (3) (330 SE2d 706) (1985). See also *Beasley v. Beasley,* supra at 421.

Applying this analysis to the present case, we must agree with the trial court that personal jurisdiction over defendant in this case is unreasonable. Assuming without deciding that the first and second prongs of the three-part test set forth above have been met in this case (i.e. defendant has committed a purposeful act to avail herself of the law of this state, and plaintiff's claim arises from defendant's act in this state), we hold that the exercise of jurisdiction over defendant in this case would offend notions of fair play and justice and fail the third prong of the test. Defendant, a resident of New Mexico, has neither lived in Georgia nor filed any action related to the divorce in the Georgia courts. She has set foot in this state only once, shortly after the divorce action was filed in or about 1978 when she accompanied the parties' daughter to Fort McPherson in compliance with a California court order on visitation. Also, her attorney in the California proceedings represented her during a deposition of plaintiff in 1984 taken for use in one of the California proceedings related to the divorce. These two activities alone cannot satisfy the due process requirement for personal jurisdiction set forth in *Intl. Shoe v. Washington,* supra. Defendant could not reasonably have expected that she could be haled into DeKalb Superior Court in 1991 merely because seven years earlier she sent a California wage assignment order to U. S. Army payroll headquarters in Indiana which resulted in her receiving a portion of plaintiff's military pay which would otherwise have been forwarded to him in Georgia. Under the circumstances of this case, it would offend notions of "fair play" and "substantial justice" to require defendant to defend an action in Georgia which arose out of a California matrimonial domicile and a California divorce. See, e.g., *Popple v. Popple,* 257 Ga. 98 (355 SE2d 657) (1987); *Marbury v. Marbury,* 256 Ga. 651 (352 SE2d 564) (1987). Compare *Fralix v. Cordle,* 261 Ga. 224 (403 SE2d 793) (1991), where the nonresident ex-wife was subject to the jurisdiction of our courts because she had previously initiated garnishment proceedings in Georgia against her ex-husband relating to her divorce and, thus, should have reasonably anticipated being haled into court in this state in an action brought by her ex-husband pertaining to the divorce.

We reject plaintiff's argument that because defendant elected to enforce the wage assignment order against him without first domesticating it in Georgia, defendant had constructive knowledge that plaintiff would later assert his rights in the Georgia courts. If we were to accept this assertion, then defendant should also have reasonably expected to be haled before the courts of each and every other state

in which plaintiff may have thereafter resided and received his military pay, even if defendant had no other connection with any of those states.

We find defendant has met her burden of showing that her connection with Georgia was sufficiently attenuated that due process would be offended by the exercise of jurisdiction over her person. Accordingly, the trial court did not err in granting defendant's motion to dismiss plaintiff's complaint.

2. Plaintiff next contends the trial court erred by failing to find that defendant had waived her objections to personal jurisdiction by submitting affidavits in this action in opposition to plaintiff's motion and in support of her own motion which addressed the merits of the case. It is well settled that "[i]n order for a defendant's acts to serve as a wavier of his previously asserted objection to jurisdiction, 'his acts or omissions to act, relied on, should be so manifestly consistent with and indicative of an intention to voluntarily relinquish a then known particular right or benefit, that no other reasonable explanation of his conduct is possible.' . . . [Cit.]" *Marsh v. Wright Memorial Mortuary,* 197 Ga. App. 736, 736-737 (1) (399 SE2d 232) (1990). Moreover, a defendant does not waive her objections to jurisdiction by virtue of her filing a plea to the merits in a case. In *Roberts v. Bienert,* 183 Ga. App. 751 (2) (360 SE2d 25) (1987), this court held that the defendant had not waived his right to assert his plea as to insufficiency of process merely because he had filed a motion for summary judgment on the substantive merits of the plaintiff's complaint because the defendant had, at the same time, objected to jurisdiction. A waiver was not effected even though the plea to the merits was not expressly made subject to the plea to the jurisdiction.

In this case, defendant specifically raised the affirmative defense of lack of jurisdiction in her answer and motion to dismiss. Furthermore, both her answer and her brief filed in opposition to plaintiff's motion for summary judgment, specifically reserved her objections to the jurisdiction of the court. Consequently, defendant did not waive her objections to jurisdiction in this case, and this enumeration is without merit.

3. Plaintiff next argues the trial court erred in finding that personal jurisdiction over defendant is necessary to permanently enjoin defendant from her enforcement of the wage assignment order against plaintiff. Relying on OCGA § 9-10-71 (6), plaintiff argues that in rem jurisdiction is sufficient in a proceeding "[t]o make any decree or order in which the subject of the action is . . . personal property in this state in which a nonresident . . . has or may have or claims an interest, actual or contingent, and in which the relief demanded consists wholly or in part in excluding him from an interest therein." Plaintiff further argues that his military pay is constructively present in this

state according to the holdings of *Williamson v. Williamson,* 247 Ga. 260 (275 SE2d 42) (1981), cert. denied, 454 U. S. 1097 (102 SC 669, 70 LE2d 638) (1981) and *Nelson v. Nelson,* 173 Ga. App. 546 (327 SE2d 529) (1985); therefore, our courts have in rem jurisdiction over this personal property and may grant plaintiff the injunctive relief prayed for in his complaint. However, plaintiff's prayer for injunctive relief seeks "a permanent injunction that Defendant cease and desist from interrupting Plaintiff's receipt of said pays in this State." Thus, plaintiff is seeking relief which would operate against the person of defendant, rather than plaintiff's personal property. See, e.g., *Sternbergh v. McClure,* 217 Ga. 278, 281 (1) (122 SE2d 217) (1961). Therefore, the trial court was correct in concluding that plaintiff's claims are against defendant personally, and this enumeration of error is without merit.

4. Plaintiff argues the trial court erred in failing to strike defendant's affidavits filed in support of her motion to dismiss because the affidavits addressed the merits of the California proceeding and the exhibits to the affidavits failed to contain a complete record of the California proceedings. Pretermitting the issue of whether these affidavits were inadmissible on the grounds alleged by plaintiff, we conclude that the facts alleged in plaintiff's affidavits alone afforded the trial court a sufficient basis for determining that defendant was not subject to the jurisdiction of our courts. Thus, this enumeration of error is without merit.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED APRIL 29, 1992 —
RECONSIDERATION DENIED JUNE 2, 1992.

Arthur F. Millard, *pro se.*

McCrimmon & McCrimmon, Edward W. McCrimmon, for appellee.