A92A1919. BURT v. ENERGY SERVICES INVESTMENT CORPORATION.
(427 SE2d 576)

BLACKBURN, Judge.

The appellant, Hilliard Burt, appeals from the order of the trial court dismissing his complaint for damages against the appellee, Energy Services Investment Corporation, based upon lack of personal jurisdiction.

In 1979, a representative of Byron Oil Industries, Inc., of Missouri (Byron), contacted the appellant by phone to invest in an oil well in the State of Colorado. According to the terms of the agreement, Byron would act as the operator of the well. After several telephone conversations with a representative of Byron, the appellant received a letter, a statement of the well drilling costs and a "remittance receipt" in Georgia from Byron through the U. S. mail. The appellant signed the remittance receipt in Georgia and returned the receipt, along with $6,300, to Byron, also by U. S. mail. The appellant later received a prospectus from Byron. Byron subsequently sold its operating interest to another corporation and through a series of subsequent sales, the appellee acquired the operating interest in the Colorado oil well from Flore Properties, Inc. on May 1, 1990. The appellant has been billed by Byron as well as its subsequent transferees, including the appellee, for its operations' expenses. The appellant has paid the charges periodically as they became due.

The appellant filed this complaint in Dougherty County State Court on October 18, 1991. The appellee was served with the complaint in this action by certified mail on October 28, 1991.

In his sole enumeration of error, the appellant contends that the

trial court erred in finding that the appellee was not subject to the jurisdiction of the Georgia courts. A close examination of the complaint, answer, affidavits, and responses to the plaintiff's first and second interrogatories revealed the following facts: The appellee is a nonresident corporation with its principal office, place of business, and registered agent for service of process in Oklahoma. The appellee does not have a registered agent for service of process in this state and has not been incorporated or registered to do business in the state. The appellee has not engaged in the transaction of any business in Georgia nor has the appellee solicited investors from the State of Georgia. In addition, the appellee does not have any stockholders who are residents of Georgia.

According to OCGA § 9-10-91 (1), a Georgia court may exercise jurisdiction over any nonresident as to a cause of action arising from any acts enumerated in this Code section in the same manner as if he was a resident of the state, if the person or through an agent, "transacts any business within [the] state." It has been held that this section applies to nonresident corporations. *Scott v. Crescent Tool Co.*, 296 FSupp. 147 (N.D. Ga. 1969). " 'Under our Long Arm Statute (OCGA § 9-10-91) jurisdiction over a nonresident exists on the basis of transacting business in this state (1) if the nonresident has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and if the exercise of jurisdiction by the courts of this state does not offend traditional fairness and substantial justice.' [Cit.]" *Tampa Motel Mgmt. Co. v. Stratton of Fla.*, 186 Ga. App. 135, 136-137 (1) (366 SE2d 804) (1988). See also *Kendrick v. Parker*, 258 Ga. 210 (367 SE2d 544) (1988). However, "[the] 'transacts any business' subsection of the Georgia long-arm statute requires more contacts between the defendants, the forum, and the litigation for the assertion of specific personal jurisdiction than does federal due process." *General Elec. Credit Corp. v. Scott's Furniture Warehouse Showroom*, 699 FSupp. 907, 915 (N.D. Ga. 1988). " '(T)o satisfy due process, the requirements of *Intl. Shoe Co. v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945) must be met as to each defendant over whom a state court exercises jurisdiction. (D)ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Id. at 316.' (Indention omitted.) [Cit.]" *Millard v. Millard*, 204 Ga. App. 399, 401 (419 SE2d 718) (1992). "Mere telephone or mail contact with an out-of-state defendant . . . is insufficient to establish the purposeful activity with Georgia required by the 'Long Arm' statute." *Wise v. State Bd. for Examination &c. of Architects*,

247 Ga. 206, 209 (2) (274 SE2d 544) (1981).

Applying this analysis to the present case, we must agree with the trial court that personal jurisdiction over the appellee in this case is unreasonable. The appellee has not purposely done some act or consummated some transaction in this state. In addition, the appellee has not purposefully availed itself of the privilege of doing some act in this forum by merely acquiring and operating a well in Colorado in which the plaintiff has a financial interest or by collecting operating expenses from the appellee by mail. Further, the appellee did not initiate any contact with this appellant or this forum. The appellee has not transacted any business in Georgia, is not registered to do business in Georgia and does not own any property in Georgia. The record is devoid of any evidence indicating that the appellee has made the "minimum contacts" with this forum that are consistent with the due process notions of "fair play" and "substantial justice." The appellant relies on several cases which place great weight on the defendant's presence in the state during some phase of the soliciting, negotiation, consummation or performance of the contract or the defendant's purposeful contact with a Georgia resident for the purpose of initiating a contract. Those factors are not present in the case sub judice.

Under the circumstances of this case, we find that the appellee has met its burden of showing that the appellee's connection with Georgia was sufficiently attenuated that the fundamental principles of due process would be offended by the exercise of personal jurisdiction over the appellee. Accordingly, the trial court did not err in granting the appellee's motion to dismiss appellant's complaint.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1993.

*Hilliard P. Burt*, pro se.
*Thomas Q. Langstaff*, for appellee.

