### S94A0709. PAUL v. PAUL.
(444 SE2d 770)

HUNSTEIN, Justice.

We granted this domestic relations appeal to consider once again the extent of our jurisdiction under OCGA § 9-10-91 (5), which provides for long-arm jurisdiction in "proceedings for alimony, child support, or division of property in connection with an action for divorce." We have already held in *Braden v. Braden,* 260 Ga. 269 (392 SE2d 710) (1990), that this statute is applicable to contempt actions. The trial court in this case denied Mr. Paul's motion to dismiss for lack of personal jurisdiction and found him in contempt, ordering payment of back alimony and assessing attorney fees.

The parties were married in Alabama in October 1954. After living at various times in Massachusetts, Illinois, Indiana, Australia, Michigan, and the United Kingdom, they moved to Georgia in August 1975, at which time they separated. The parties were divorced in DeKalb County in November 1976. Mr. Paul moved from Georgia in the summer of 1977, became a resident of North Carolina in 1979, and has returned to this State only for limited visits. A contempt action was filed against him by Ms. Paul in Georgia in 1986, but the matter was resolved and the action dismissed without the filing of any responsive pleadings. Thereafter, Ms. Paul moved to Florida where she has resided for the past four or five years. Ms. Paul filed the instant contempt action in June 1993 seeking alimony due under the settlement agreement incorporated into the parties' divorce decree.

In *Smith v. Smith,* 254 Ga. 450, 452 (330 SE2d 706) (1985), we recognized that each case must be considered on its own facts. Here, the parties maintained no marital residence in Georgia since the parties separated upon moving here in 1975. Mr. Paul has not been a resident of this state for over 15 years; Ms. Paul has not been a resident for over four years. Compare id.; *Beasley v. Beasley,* 260 Ga. 419 (396 SE2d 222) (1990). We find Mr. Paul's connection with the state sufficiently attenuated under these facts that due process would be offended by the exercise of jurisdiction over his person to hold him in contempt of the divorce judgment. Accord *Popple v. Popple,* 257 Ga. 98 (355 SE2d 657) (1987) (twenty-year absence from state by husband); *Marbury v. Marbury,* 256 Ga. 651 (352 SE2d 564) (1987) (ten-year absence from state). Compare *Fralix v. Cordle,* 261 Ga. 224 (403 SE2d 793) (1991) (Georgia was matrimonial domicile for six years; wife resided out of state for only three years at time husband filed

modification action); *Straus v. Straus*, 260 Ga. 327 (393 SE2d 248) (1990) (wife had resided outside the state "for only two years" at time modification action filed). Assuming, without deciding, that the first and second prongs of the three-part test set out in *Smith*, supra at 453, have been met in this case, "we hold that the exercise of jurisdiction over [Mr. Paul] under the facts of this case offends notions of fair play and justice and fails the third prong of the test." *Popple*, supra at 99. Because Mr. Paul could not " 'reasonably anticipate being haled into court' in Georgia, [cit.]" *Smith*, supra at 454 (3), the judgment must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 27, 1994 —
RECONSIDERATION DENIED JULY 21, 1994.

*Fain, Major & Wiley, Gary W. Powell, Davis, Matthews & Quigley, Richard W. Schiffman, Jr.,* for appellant.

*Harris, Phillips & Harris, R. Britt Harris, Jr.,* for appellee.