S00A1199. STRICKLAND v. STRICKLAND.
(534 SE2d 74)

THOMPSON, Justice.

We granted an application for appeal in this divorce proceeding to consider whether Mr. Strickland, a nonresident of Georgia, is subject to personal jurisdiction in this state under the domestic relations prong of the long-arm statute. Because we conclude that under the facts of this case the exercise of jurisdiction over him offends due process, we hold that the trial court erred in denying his motion to dismiss the complaint for lack of personal jurisdiction.

The stipulated facts establish that Harry Wayne Strickland and Judy Elizabeth Strickland grew up as residents of Georgia and were married in Colquitt County, Georgia in 1978. At the time, Mr. Strick-

land was an active member of the United States Marine Corps stationed in North Carolina and the couple moved to that state. From 1978 until 1995 he continued in military service and was stationed primarily in North Carolina. During those years, the couple lived together in North Carolina except for temporary periods when Mr. Strickland was deployed overseas or at other locations where his family could not join him. Also during that time, he designated his mother's residence in Georgia as his military "home of record" and the parties paid taxes in Georgia. Two children were born, in 1980 and 1985. During Mr. Strickland's overseas assignments, Mrs. Strickland and the children lived with her parents in Georgia.

In 1995 the couple purchased a matrimonial residence in North Carolina, Mr. Strickland changed his military home of record to that state, and they began paying income taxes in North Carolina. He retired from military service in 1996. In 1998 the couple separated and left the marital residence; Mr. Strickland moved to Charlotte, North Carolina for employment; Mrs. Strickland moved to Colquitt County, Georgia with the children; and the marital home in North Carolina was rented to third parties.

In June 1999 Mr. Strickland relocated to the state of Wisconsin and continues to reside there. In the same month, Mrs. Strickland filed a complaint for separate maintenance in Colquitt County Superior Court, seeking alimony and child support. She amended her complaint in October 1999 to assert a claim for divorce and equitable division of property. Mr. Strickland was personally served with both pleadings in Wisconsin. Personal jurisdiction over him was based on OCGA § 9-10-91 (5), Georgia's domestic relations long-arm statute. The trial court denied his motion to dismiss the complaint for lack of personal jurisdiction. A certificate of immediate review was granted and we accepted this application for appeal.

OCGA § 9-10-91 allows a Georgia court to exercise personal jurisdiction over a nonresident in the same manner as if he were a resident of the state if certain requirements are met. Subsection (5) provides long-arm jurisdiction in proceedings for "alimony, child support, or division of property in connection with an action for divorce," if the nonresident defendant "maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not."

Each case must be assessed individually. *Paul v. Paul*, 264 Ga. 434 (444 SE2d 770) (1994). The stipulated facts show that the parties did not maintain a matrimonial domicile in Georgia at the commencement of the divorce proceeding, nor at any time during their 20-year marriage. Their only matrimonial domicile was in the state of North Carolina where they continue to own property. Nor was the

second prong of OCGA § 9-10-91 (5) satisfied; Mr. Strickland has not been a resident of this state since 1978 when the couple married and "[t]here is no indication that any of the events which led to the dissolution of the marriage occurred in Georgia." *Marbury v. Marbury*, 256 Ga. 651, 653 (2) (352 SE2d 564) (1987).

As this Court recognized in *Smith v. Smith*, 254 Ga. 450 (3) (330 SE2d 706) (1985):

> "(D)ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

*Smith*, supra at 453, quoting *Intl. Shoe v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 94) (1945). In order to establish the requisite "minimum contacts" between the nonresident and the forum state to confer personal jurisdiction, the nonresident must "purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum" and plaintiff's cause of action must "arise[ ] out of, or result[ ] from, the activity or activities of the defendant within the forum." Id. Minimum contacts were found to exist in *Smith*, supra, because the defendant maintained a matrimonial domicile in this state and he availed himself of our courts to obtain a divorce.[1] The converse is true in the present case.

We find insufficient contacts for Mr. Strickland to "reasonably anticipate being haled into court in Georgia." (Punctuation omitted.) *Paul*, supra at 435. Accordingly, under the facts of this case, the exercise of in personam jurisdiction over him offends notions of fair play and justice. Id. Compare *Abernathy v. Abernathy*, 267 Ga. 815 (482 SE2d 265) (1997) (personal jurisdiction over a defendant is not a prerequisite to the grant of a divorce by a Georgia court where the court has jurisdiction over the res of the marriage pursuant to the six-month domiciliary requirement of OCGA § 19-5-2).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 11, 2000 —
RECONSIDERATION DENIED OCTOBER 6, 2000.

*Whelchel, Whelchel & Carlton, James C. Whelchel, Mickey E.*

---

[1] In *Smith*, the nonresident defendant contested personal jurisdiction in an action for contempt and modification of the parties' Georgia divorce decree.

*Waller*, for appellant.
*Kirbo & Hendon, Thomas L. Kirbo III*, for appellee.