## S03A0252. CHUNG-A-ON v. DRURY.
### (580 SE2d 229)

SEARS, Presiding Justice.

We granted a discretionary application in this domestic relations case to determine whether the trial court erred in denying the appellant's motion to dismiss based on a lack of personal jurisdiction. For the reasons that follow, we conclude that the trial court did not err, and we therefore affirm its judgment.

" '(D)ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." ' "[1] The minimum-contacts standard is satisfied if the nonresident has " 'purposefully avail[ed] himself of the privilege of doing some act or consummating some transaction with or in the forum,' "[2] if the plaintiff's cause of action against the nonresident " 'arises out of, or results from, the activity or activities of the defendant within the forum,' "[3] and if the exercise of jurisdiction is consistent with " 'the due process notions of "fair play" and "substantial justice." ' "[4]

In this case, the appellant, Michael Chung-A-On, purposefully availed himself of the Georgia courts to dissolve his marriage in 1990, to obtain custody of one of his children in 1994 in a modification action, and to eliminate his child support obligation in that mod-

---

[6] See *Morgan*, 276 Ga. at 77.

[1] *Smith v. Smith*, 254 Ga. 450, 453 (330 SE2d 706) (1985), quoting *International Shoe v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945). Accord *Strickland v. Strickland*, 272 Ga. 855, 857 (534 SE2d 74) (2000).

[2] *Smith*, 254 Ga. at 453, quoting *Shellenberger v. Tanner*, 138 Ga. App. 399, 404 (227 SE2d 266) (1976).

[3] *Smith*, 254 Ga. at 453, quoting *Shellenberger*, 138 Ga. App. at 404.

[4] *Smith*, 254 Ga. at 453, quoting *Shellenberger*, 138 Ga. App. at 405.

ification action for the child who remained in the custody of the appellee.[5] Moreover, we conclude that there is a nexus between the appellee's present action against the appellant for modification of child support and the earlier divorce and modification actions.[6] Finally, the exercise of jurisdiction over the appellant is consistent with notions of "fair play" and "substantial justice," as the appellant was a resident of Georgia at the time of the divorce, participated in the modification action, obtained custody of one of his children in the modification action, and eliminated his support obligation for another child. The appellant therefore could reasonably expect to be brought into a Georgia court to address further issues concerning his children.[7]

For the foregoing reasons, we conclude that the trial court did not err in denying the appellant's motion to dismiss for lack of personal jurisdiction.[8]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 5, 2003.

*Vincent D. Sowerby*, for appellant.
*Holle Weiss-Friedman*, for appellee.

---

[5] See *Kendrick v. Parker*, 258 Ga. 210, 211 (367 SE2d 544) (1988).

[6] See *Beasley v. Beasley*, 260 Ga. 419, 422 (396 SE2d 222) (1990).

[7] See *Kendrick*, 258 Ga. at 211; *Beasley*, 260 Ga. at 422-423.

[8] The remaining issues raised by the appellant are beyond the scope of the granted discretionary review. See *Capote v. Ray*, 276 Ga. 1, 5 (573 SE2d 25) (2002); *Franz v. Franz*, 268 Ga. 465, 466 (490 SE2d 377) (1997); *Grim v. Grim*, 268 Ga. 2, 3 (486 SE2d 27) (1997); *Brown v. Hall County*, 262 Ga. 172, 173 (416 SE2d 90) (1992).