## S03F1168. WALTERS v. WALTERS.
### (586 SE2d 663)

HINES, Justice.

This is an appeal from an order of the Superior Court of Gwinnett County dismissing plaintiff Cornelia Walters's divorce action for lack of jurisdiction over her estranged husband, Alfredo Walters. The superior court found that "there were not sufficient contacts with the State of Georgia to justify in personam judgment against the nonresident [d]efendant in this case." Finding that the evidence of record shows sufficient contacts with this State, we reverse.

The Walters were married in 1982 and have one child. On June 29, 2001, Ms. Walters filed a complaint for divorce against Mr. Walters in the Superior Court of Gwinnett County, seeking alimony, equitable division of property, and attorney fees. Mr. Walters was served with the suit in Florida on July 18, 2001, pursuant to the Georgia Long-Arm Statute, OCGA § 9-10-91. On August 17, 2001, Mr. Walters's Florida attorney notified Ms. Walters's counsel that an answer would follow and indicated a possible settlement. Mr. Walters, pro se, filed an answer to the complaint for divorce on August 20, 2001, contesting, inter alia, jurisdiction under the Long-Arm Statute. Ms. Walters's attorney notified Mr. Walters's counsel that the divorce case was on the trial calendar in the Superior Court of

Gwinnett County for October 9, 2001, that notification of the trial date had also been given to Mr. Walters, that Mr. Walters left the marriage without paying any child support for the parties' minor child, and that Ms. Walters felt that she was entitled to one-half of Mr. Walters's military pension.

Mr. Walters did not attend the divorce proceeding, and on November 6, 2001, the superior court entered a final judgment and decree of divorce and awarded Ms. Walters one-half of Mr. Walters's military retirement plan; the court issued another more detailed order dividing the military retirement benefits.

On September 27, 2002, Mr. Walters, through retained Georgia counsel, filed a "motion for rehearing or for new trial and alternative motion to set aside judgment," in which he challenged, inter alia, the Georgia court's jurisdiction over him as a nonresident. The motion was erroneously given a new case number, and on December 17, 2002, the superior court entered an order granting Mr. Walters's motion to set aside the divorce judgment because the court records indicated that Mr. Walters was not served with notice of the bench trial.[1] The court reserved the question of jurisdiction under the Long-Arm Statute raised in the motion for subsequent hearing. On January 15, 2003, the superior court entered the ruling now at issue, dismissing the divorce action for lack of personal jurisdiction and directing the clerk of court to close the case file.

In considering a motion to dismiss for lack of jurisdiction, the trial court has discretion to hear oral testimony or to decide the motion on the basis of affidavits and documentary evidence alone. *Beasley v. Beasley*, 260 Ga. 419, 420 (396 SE2d 222) (1990). However, it remains that a defendant who asserts the lack of personal jurisdiction has the burden of proving it. Id. In order to demonstrate that the court lacks jurisdiction, the defendant may raise matters outside of the pleadings. But when the outcome of the motion depends on unstipulated facts, the motion must be accompanied by supporting affidavits or citations to evidentiary material in the record. Id.

The superior court held a hearing in the matter at which Mr. Walters was represented by his Georgia counsel, but at which Mr. Walters failed to appear; only the plaintiff, Ms. Walters, testified. She confirmed much of what she had related in a sworn statement earlier filed in the case: The parties were married in Denmark on December 16, 1982; after the marriage they lived predominantly in Germany and had one son; the family lived for a couple of months in Ft. Knox, Kentucky while Mr. Walters was being released from active duty in

---

[1] Ms. Walters is not appealing the order granting Mr. Walters's motion to set aside the divorce judgment.

the military; in July 1993, the family moved to Georgia to set up residence; they resided together in Georgia until the end of 1997, at which time Mr. and Ms. Walters separated and Mr. Walters moved to Florida to live with his mother; on several occasions in 1998 and 1999, Mr. Walters came back to Georgia in an attempt to reconcile; the last attempt at reconciliation occurred in Georgia in August 2000, during a visit by Mr. Walters.[2]

Mr. Walters did not present any evidence, documentary or otherwise, demonstrating that the Gwinnett court was without jurisdiction of the divorce action; there was nothing to refute Ms. Walters's showing that the parties' only marital domicile in the United States was Georgia. In fact, the court inquired whether there was any contention that the parties had not intended to live in Georgia, and Mr. Walters's counsel stated that "the defense hasn't made any contention at all." Mr. Walters's only response was a pleading entitled, "Objection and Motion to Strike," filed the morning of the hearing, in which he challenged Ms. Walters's filed sworn statement on procedural and substantive grounds.

> OCGA § 9-10-91 allows a Georgia court to exercise personal jurisdiction over a nonresident in the same manner as if he were a resident of the state if certain requirements are met. Subsection (5) provides long-arm jurisdiction in proceedings for "alimony, child support, or division of property in connection with an action for divorce," if the nonresident defendant "maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not." Each case must be assessed individually. [Cit.] . . .

> As this Court recognized in *Smith v. Smith*, 254 Ga. 450 (3) (330 SE2d 706) (1985): "(D)ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Smith*, supra at 453, quoting *Intl. Shoe v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE 95) (1945). In order to establish the requisite "minimum

---

[2] Ms. Walters also sought to introduce into evidence a copy of Mr. Walters's signed "Certificate of Release of Discharge From Active Duty," listing Mr. Walters's address as Stone Mountain, Georgia. However, the superior court ultimately ruled that the document was not admissible because it was not certified by the military but bore only a Georgia notary's certification.

contacts" between the nonresident and the forum state to confer personal jurisdiction, the nonresident must "purposefully avail himself of the privilege of doing some act or consummating some transaction with or in the forum" and plaintiff's cause of action must "arise[ ] out of, or result[ ] from, the activity or activities of the defendant within the forum." Id.

*Strickland v. Strickland,* 272 Ga. 855, 856-857 (534 SE2d 74) (2000).

In this case, the defendant, Mr. Walters, purposefully availed himself of the privilege of maintaining a matrimonial domicile in Georgia, thereby incurring certain rights and obligations. The undisputed evidence is that the parties' only matrimonial domicile in the United States was in Georgia. *Smith,* supra at 453. The exercise of jurisdiction over Mr. Walters is consonant with the due process precepts of "fair play" and "substantial justice" in that this state has a legitimate interest in protecting resident spouses and children; the courts of this state remain open to Mr. Walters to enforce his rights and he enjoys the benefits and protection of the laws of Georgia; any inconvenience to Mr. Walters is outweighed by the inconvenience to Ms. Walters who would be forced to sue in a foreign forum on a cause of action arising from the Georgia matrimonial domicile; and this state has the authority under the domestic relations subsection of the Long-Arm Statute to adjudicate precisely this type of litigation. Id. at 454. Mr. Walters could reasonably anticipate being haled into court in Georgia for the dissolution of his marriage and for the resolution of issues attendant to the divorce. Id.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2003 —
RECONSIDERATION DENIED OCTOBER 17, 2003.

*John H. Ridley, Jr.,* for appellant.
*Arthur F. Millard,* for appellee.

S03Y1506, S03Y1507, S03Y1508. IN THE MATTER OF DAVID ROY HEGE (three cases).
(586 SE2d 667)