61574. PUPPY LOVE KENNEL, INC. et al. v. NORTON et al.

DEEN, Presiding Judge.

Puppy Love Kennel, Inc., Abe Weinstein and his wife, Barbara, appeal from a jury verdict and judgment in favor of appellee contractor following the denial of their motion for a new trial citing the general grounds. *Held:*

Appellants' contention that the jury verdict was against the weight of the evidence will not be considered by this court on appeal.

This portion of the general grounds is addressed solely to the trial court. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976).

Appellants' assertion that the jury verdict was contrary to the law because Barbara Weinstein was not a signatory to the contract is also without merit. The evidence shows that the construction contract was signed by Abe Weinstein although the contract states that it is an agreement between the owners, Abe and Barbara Weinstein, and the Contractor, Norton's Paint and Repair Service and that the project was Puppy Love Kennel, Inc. Testimony showed that the contractor was claiming certain contract extras and for work done to the Weinsteins' personal residence. Assent to the terms of a contract is not determined solely by the signature. *Cochran v. Eason,* 227 Ga. 316 (180 SE2d 702) (1971). There was evidence to show that Mrs. Weinstein assumed approval authority at the contract site and that she brought suit against Norton alleging that she, her husband and Puppy Love Kennel had entered into a contract with him and that he had breached the contract. "Solemn admissions in judicio as made in the pleadings are conclusive against the party making them, unless formally withdrawn from the pleadings [cit.], and a party to a suit will not be allowed to disprove an admission made in his pleadings, unless it has been withdrawn from the record . . . The opposite party may rely upon the admission as having established the fact alleged in his favor, and no proof thereof is needed. [Cit]." *Martin v. Pierce,* 140 Ga. App. 897, 898 (232 SE2d 170) (1977). Therefore, we find that the verdict was not contrary to law.

We further find that there was sufficient evidence upon which the jury could base its verdict. There was a great deal of conflicting testimony as to what work had or had not been paid for and the contractor testified to all of the items which he claimed were contract extras or work done on the Weinsteins' house. The jury took all of the documentary evidence into the jury room and, by agreement of the parties, was permitted to use a calculator in reaching their verdict. We must affirm under the "any evidence" rule. *Preferred Risk Mut. Ins. Co. v. Thomas,* 153 Ga. App. 154 (264 SE2d 662) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 19, 1981.

*Barry Staples, Mark A. Johnson,* for appellants.
*DeWitte Thompson, Jr., L. Paul Cobb, Jr.,* for appellees.