## 70946. SORROW v. SELOFF et al.
### (338 SE2d 482)

BENHAM, Judge.

Appellant brought this suit to recover damages for an injury she suffered while riding a motorbike her father bought from Mrs. Seloff. The motorbike was originally purchased by one of Mrs. Seloff's children, who sold it to his brother after replacing the engine with one from a lawn mower. The injury occurred when appellant's leg came into contact with a part of the starter of the motorbike which was exposed.

1. Since appellees are all residents of Texas, appellant sought to have them served with process pursuant to Georgia's Long Arm Statute (OCGA § 9-10-90 et seq.). Appellees Robert and Steven Seloff filed a motion to dismiss on the ground of insufficient service. The grant of that motion is enumerated as error.

With their motion to dismiss, Robert and Steven filed affidavits stating that they maintained their residences at places other than their parents' and that they had not been served personally. In opposition to the motion, appellant filed the return of service, which showed that all four appellees had been served at once. Based on those affidavits and the return, the trial court found that Robert and Steven had not been properly served.

Where there is some evidence to support a trial court's resolution of an issue of fact regarding sufficiency of service, this court will not disturb that finding. *Harvey v. Harvey*, 147 Ga. App. 154 (1) (248 SE2d 214) (1978). Although a return of service is evidence of a high order as to the facts recited therein, it is not conclusive and may be impeached by evidence which is clear and convincing and the strongest of which the nature of the case will permit. *Wolfe v. Rhodes*, 166 Ga. App. 845 (305 SE2d 606) (1983). In the present case, the return was impeached by the sworn statements made on personal knowledge. We find that evidence sufficient to overcome the presumption raised by the return. *Roland v. Shelton*, 106 Ga. App. 581 (127 SE2d 497) (1962). The grant of the motion to dismiss was not error.

2. One of appellant's bases for asserting that appellees were liable to her was the theory set forth in *Hand v. Harrison*, 99 Ga. App. 429 (108 SE2d 814) (1959). It was there held that it would be negligence to release upon the public a defective mechanism which the actor actually knows or must reasonably anticipate will be dangerous if defective. Appellant also relied on *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331 (319 SE2d 470) (1984), for the proposition that failure to warn when placing in commerce a chattel with a defect which, under foreseeable conditions, is likely to cause injury, is a ground for liability. The common ground between those holdings, and the fatal flaw in appellant's case, is a requirement that the defendant have

knowledge, actual or constructive, of the defect. Appellant's own expert testified that the danger of the motorbike was not apparent to one without mechanical expertise, but there was no evidence presented that Mr. or Mrs. Seloff had any such knowledge. Not only was there no evidence of mechanical expertise which would make the danger foreseeable to the defendants, there was no evidence of actual knowledge of the danger. As the trial court pointed out during the argument on the Seloffs' motion for a directed verdict, Mrs. Seloff testified that she was aware that the engine of the motorbike had been changed, but she did not testify that she was aware of the lack of a guard over the part which caused the injury. Since there was no evidence that the Seloffs had any knowledge of the defect or any reason to foresee danger from use of the motorbike, the trial court was correct in granting the Seloffs' motion for a directed verdict on that issue.

3. Appellant's second ground for asserting liability is that Mr. Seloff was liable vicariously because his son acted as his agent when he changed the motor and his wife acted as his agent when she sold the motorbike. However, it is clear in this state that no agency relationship arises from the family relation alone. *Hill v. Morrison*, 160 Ga. App. 151 (286 SE2d 467) (1981). Although such an agency may be shown by evidence that the child was acting on behalf of the parent or by the parent's command or in the prosecution and in the scope of his business, there is no such evidence in this case with regard to the modifications made to the motorbike. Compare *Butler v. Moore*, 125 Ga. App. 435 (188 SE2d 142) (1972). The uncontradicted evidence at trial was that the Seloffs' oldest son, not a defendant in this case, bought the motorbike for himself, used if for some years, changing the motor at sometime during his ownership, and then sold it to his younger brother Steven. There is no evidence at all that either son was acting at his father's command or in the prosecution of his father's business in any activity concerning the motorbike.

As to Mrs. Seloff's alleged agency in selling the motorbike, even if the agency is assumed, our holding in Division 2 that no negligence on her part was shown requires the conclusion that a judgment against Mr. Seloff as her principal would not lie. *Roswell Road &c. Store v. Schurke*, 137 Ga. App. 145 (1) (222 SE2d 847) (1975). It follows that a directed verdict for the Seloffs on the agency issue was also demanded by the evidence.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 12, 1985 —
REHEARING DENIED DECEMBER 2, 1985 —

*Anthony L. Cochran*, for appellant.
*Daryll Love, Hezekiah Sistrunk, Jr.*, for appellees.