A89A1679. METRO LEASING, INC. v. HEALTH, EDUCATION & RESEARCH SERVICES, INC.
(387 SE2d 399)

BANKE, Presiding Judge.

The appellant sued the appellee to recover damages for its alleged breach of an equipment lease pertaining to a copier, and the appellee counterclaimed on the basis of allegations that "[t]he equipment was misrepresented and [appellant] committed fraud in presenting the equipment." Notwithstanding the latter allegations, the appellee further asserted in its counterclaim that it had not executed the lease and was not a party to it. A jury trial ensued; and at the close of the appellant's evidence, the trial court directed a verdict in favor of the appellee with respect to the complaint, due to the appellant's failure to produce any evidence that the lease had been signed on the appellee's behalf by an authorized corporate agent. The court subsequently entered a written order dismissing the complaint on the basis of that ruling, while simultaneously dismissing the counterclaim "for failure to prove damages." This appeal followed.

Although the appellee was identified as the lessee in the heading of the lease, its name was omitted from the signature line, which was signed as follows: "By Brenda E. Jones, Treas." The appellant received one payment for the copier following the execution of the lease, in the form of a check from an entity identified thereon as "Health Education and Research Service." Like the lease, this check was signed by Brenda E. Jones; however, this time there was no indication that she was signing in a representative capacity. Moreover, her name, along with that of one David Rohe, was printed on the check directly below the name, "Health Education and Research Service," thus suggesting that the latter was a trade name rather than the name of a corporation.

During the trial, the appellant's sole witness, who had not been involved in the transaction but testified on the basis of his familiarity with the appellant's business records, was allowed to state without objection that according to those records, "the equipment was actually delivered to the [appellee]." *Held*:

Where a person assumes, without actual authority, to act as agent of a corporation in executing a contract, and the corporation thereafter retains the fruit of the contract and applies it to corporate use, the corporation may be held liable on the contract under the theory that it has ratified the unauthorized acts of its purported agent. See *Build-*

*ers Homes of Ga. v. Wallace Pump &c. Co.*, 128 Ga. App. 779, 782 (5) (197 SE2d 839) (1973); *Campbell Coal Co. v. Manchester Baptist Church*, 46 Ga. App. 729 (169 SE 59) (1933). Assuming arguendo that the testimony of the appellant's witness in this case would not have supported an inference that the appellee accepted and used the copier following the execution of the lease, we believe the jury could have concluded that the appellee had admitted being a party to the lease by filing a counterclaim in the present action claiming to have been defrauded in the transaction. " 'Without offering the same in evidence, either party may avail himself of allegations or admissions made in the pleading of the other.' [OCGA § 24-3-30] . . . 'Where matter is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, it may be considered as evidence in the record in his favor.' (Cit.)" *Taylor v. Crawford*, 119 Ga. App. 262, 264 (3) (167 SE2d 404) (1969). Accordingly, we hold that the trial court erred in granting the appellee's motion for directed verdict.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 10, 1989.

*Hofstadter & Stevenson, Bruce M. Hofstadter*, for appellant. *Jesse Copelan, Jr.*, for appellee.