## S90A0747. BRADEN v. BRADEN.
### (392 SE2d 710)

FLETCHER, Justice.

Appellant/former wife instituted this contempt action against appellee/former husband, alleging that he was a Georgia resident and that he was in contempt of the child-support provisions of a consent judgment entered into by the parties in an alimony-modification ac-

---

tion in Georgia. Prior to service of the rule nisi upon appellee, he moved to Connecticut. Declining to issue a subsequent rule nisi to be served on appellee in Connecticut, the trial court entered an order dismissing the complaint on grounds that, since appellee is now a Connecticut resident, a Georgia court lacks jurisdiction to hold such nonresident in contempt of a Georgia judgment. The trial court further opined that the proper procedure would be for appellant to domesticate the Georgia judgment in Connecticut and enforce the judgment through contempt proceedings in the domesticating court. We granted appellant's application for discretionary appeal. We reverse.

Georgia's long arm statute was enacted in order to give Georgia courts personal jurisdiction over nonresident parties where constitutionally required "minimum contacts" are present. *Clarkson Power Flow v. Thompson*, 244 Ga. 300, 301 (260 SE2d 9) (1979). OCGA § 9-10-91 (5) is Georgia's domestic-relations long arm statute, and it authorizes Georgia courts to exercise personal jurisdiction over a party who has become a non-resident if such person:

> With respect to proceedings for alimony, child support, or division of property in connection with an action for divorce or with respect to an independent action for support of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. . . .

In *Smith v. Smith*, 254 Ga. 450, 452 (2) (330 SE2d 706) (1985), this court held that OCGA § 9-10-91 (5) applies to a contempt action seeking enforcement of a Georgia alimony and child-support judgment.

A person subject to the jurisdiction of the Georgia courts under the long arm statute may be served with a summons outside the state in the same manner as service is made within the state. OCGA § 9-10-94. In a contempt action such as this, a rule nisi is the summons which is to be served on the defendant giving him notice of the charges and the opportunity to be heard at a specified time and place. *Anthony v. Anthony*, 240 Ga. 155 (1) (240 SE2d 45) (1977) and cits.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 22, 1990.

*Macklyn A. Smith, Sr.,* for appellant.
Walter Eugene Braden, Jr., *pro se.*