A94A1008. FINCH et al. v. WEAVER.
(445 SE2d 289)

BLACKBURN, Judge.

The appellants, Joyce and John Finch, commenced this action against Neal Weaver on April 14, 1993, seeking to recover for personal injuries and loss of consortium resulting from a motor vehicle collision between Joyce Finch and Weaver on September 22, 1990. The trial court granted summary judgment to Weaver on the ground that the action was barred by the applicable statute of limitation. This appeal followed.

Joyce Finch filed an earlier action against Weaver on August 17, 1992, but voluntarily dismissed it on February 12, 1993, without prejudice. At the time of service, Weaver resided in a trailer located within a family compound owned by his father. Weaver's sister, upon whom service was made, resided with the father in a separate dwelling located within the compound. Service was accomplished on the common grounds outside the dwellings, which were approximately 50 feet apart, and was accepted by the sister after she identified herself and her relationship to the defendant.

Weaver's father owns both properties which, until 1992, had been divided into two parcels with separate mailing addresses. At the suggestion of the Gwinnett County Tax Assessor's office, Weaver's father consolidated the two parcels on January 15, 1992, in order to reduce his property tax liability.

1. With regard to Joyce Finch's personal injury claim, the applicable period of limitation was two years from the date of the collision. OCGA § 9-3-33. *Branton v. Draper Corp.*, 185 Ga. App. 820 (366 SE2d 206) (1988). The original action, which was dismissed, was *filed* within the statute of limitation. The instant action was commenced more than two years after the collision, but within six months of the dismissal of the original action. However, in order for the instant case to qualify as a renewal action under OCGA § 9-2-61, the earlier filing must have been a valid action, with proper service upon Weaver. *Acree v. Knab*, 180 Ga. App. 174 (348 SE2d 716) (1986).

The requisite service may be accomplished by delivering a copy of the summons and complaint to the defendant personally, or by leaving such copies at his "dwelling or usual place of abode with someone of suitable age and discretion residing therein. . . ." OCGA § 9-11-4 (d) (7); *Bible v. Bible*, 259 Ga. 418 (383 SE2d 108) (1989). "The return of service establishes prima facie evidence that personal service was made upon defendant. [Cit.]" *Garrett v. Godby*, 189 Ga. App. 183, 184 (1) (375 SE2d 103) (1988). In the case at bar, the summons and complaint in the first action were left with Weaver's sister on the property containing both the house and the mobile home, all of which was owned by Weaver's father. At the time of service, there were no markings on the structures indicating street addresses or occupants, and the property was considered one piece of property for tax purposes. Additionally, only the Weaver family lived on the property; they shared equal access to recreational areas on the property, and Weaver had a key to the house and continued to eat meals, watch television, and do his laundry there. Under these facts, we find "a continuing familial relationship between" Weaver and the rest of his family, see *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983), and that there was insufficient evidence to overcome the prima facie presumption that service was proper. Accordingly, we find

the trial court erroneously granted summary judgment for Weaver on Joyce Finch's personal injury claim.

2. The applicable limitation period for John Finch's loss of consortium claim is four years. OCGA § 9-3-33. Inasmuch as the second action was commenced before the expiration of the four-year period and the validity of the personal service upon Weaver in April 1993 was undisputed, the trial court also erred in granting summary judgment for Weaver on the loss of consortium claim. *Babb v. Cook*, 203 Ga. App. 437 (1) (417 SE2d 63) (1992).

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 26, 1994 —
RECONSIDERATION DENIED JUNE 9, 1994 — 

*Steven K. Leibel & Associates, Steven K. Leibel, David C. Ates,* for appellants.

*Murray & Temple, William D. Strickland, John C. McCaffery,* for appellee.