## A97A0951. FORSYTHE v. GAY.
(487 SE2d 128)

Judge Harold R. Banke.

Enumerating three errors, Daniel Wesley Forsythe appeals the dismissal of his suit against Annie Ray Gay.

The following facts are undisputed. Forsythe and Gay were involved in an automobile accident on October 15, 1993. As the statute of limitation was about to expire, Forsythe filed suit against Gay, with an entry of service entered the next day on Gay's daughter, Mil-

dred Spradlin, who lived next door.[1] Gay, however, was never served with a copy of the suit, and in her amended answer, she raised the issue of insufficiency of service of process. On that basis, the trial court dismissed Forsythe's action. Forsythe appeals. *Held*:

1. Forsythe contends that the trial court erred in dismissing his complaint because the court failed to consider the "continuing familial relationship" between Gay and Spradlin. Forsythe claims that the service on Spradlin, Gay's daughter, was legally sufficient to satisfy the statutory requirements of OCGA § 9-11-4 (b). We disagree. The Supreme Court of Georgia abolished the more lenient "substantial compliance" rule with respect to service of process. *Bible v. Bible,* 259 Ga. 418, 419 (383 SE2d 108) (1989). The court held that "OCGA § 9-11-4 (d) (7) means exactly what it states, and that service under this section must be made as provided." Id. at 419.

OCGA § 9-11-4 (d) (7) requires that a copy of the summons and complaint be delivered to a defendant personally, or be left at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ." In this case, service was not effectuated on Gay or on someone dwelling at Gay's usual place of abode. Compare *Wolfe v. Rhodes,* 166 Ga. App. 845, 847 (305 SE2d 606) (1983) (continuing familial relationship between defendant and her resident husband). Gay's evidence that service on her daughter failed to strictly comply with the statute overcomes the presumption of proper service created by the return. See *Nucor Corp. v. Meyers,* 211 Ga. App. 787, 788-789 (1) (440 SE2d 531) (1994).

Notwithstanding Forsythe's argument to the contrary, *Finch v. Weaver,* 213 Ga. App. 514 (445 SE2d 289) (1994) neither demands nor authorizes a different result. In *Finch,* unlike here, Weaver's sister was served the summons and complaint on the common grounds of a family compound. Id. at 515. At the time of service on the defendant's sister, the compound was considered one piece of property and had no separate addresses for the various occupants. Id. at 515 (1).

2. Forsythe contends that the trial court failed to consider whether Spradlin was acting as Gay's agent at the time of service. He alleges that because Gay's mental health was declining, Spradlin became her mother's de facto agent in handling her affairs.

OCGA § 9-11-4 (d) (7) authorizes service to "an agent authorized by appointment or by law to receive service of process." However, the record fails to show that Spradlin was ever appointed Gay's legal guardian or that Spradlin obtained a power of attorney from Gay. See *Faulkenberry v. Elkins,* 213 Ga. App. 472, 474-475 (2) (445 SE2d 283) (1994) (mental or physical impairment is never presumed and must

---

[1] Gay was in the hospital on the day that Spradlin accepted service.

be proven). In strictly construing OCGA § 9-11-4 (d) (7) as we must, the statute by its plain terms precludes Forsythe's de facto agency argument. See *Bible*, 259 Ga. at 419.

3. Less than ten days after filing suit, Forsythe received $25,000 from State Farm Mutual Automobile Insurance Company ("State Farm") in exchange for releasing Gay and State Farm from any and all claims, except those under his own uninsured/underinsured motorist coverage with State Farm. Forsythe contends that Gay was estopped from asserting the defense of insufficiency of service of process because State Farm duped him into releasing his claims at a time when State Farm knew about the service problem. See OCGA § 24-4-27. This argument is factually flawed for several reasons. "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped. . . ." Id. In light of the undisputed evidence that Gay was never informed of the pending litigation, it defies logic to conclude that she intentionally deceived Forsythe. The allegation that State Farm somehow duped Forsythe has no relevance because State Farm is not a party to this case. In any event, Forsythe's counsel knew or should have known about the service problem before State Farm learned of the same. Inasmuch as Forsythe failed to cite to any record evidence or to offer any supporting legal authority, this fanciful argument is deemed abandoned. Court of Appeals Rule 27 (c) (2) and (3) (i).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 29, 1997.

Before Judge English.

*Kushinka, Calhoun & Godwin, Fred E. Godwin, Jr.*, for appellant.

*Beck, Owen & Murray, Richard L. Collier*, for appellee.