## A01A1851. FOCUS HEALTHCARE MEDICAL CENTER, INC.
## v. O'NEAL.
### (558 SE2d 818)

ELDRIDGE, Judge.

Focus Healthcare Medical Center, Inc. appeals from the trial court's sua sponte dismissal with prejudice of its complaint on open account brought against Phillip O'Neal as barred by the statute of limitation. O'Neal was served notoriously at what the summons and return of service alleged was his notorious place of abode and was alleged to be in default, but has never made an appearance in any court. We reverse, because the trial court had no authority to assert an affirmative defense, which could be waived, on behalf of a party in order to dismiss with prejudice; the trial court may, after inquiry under Uniform State Court Rule (USCR) 15, dismiss *without* prejudice this complaint for lack of service/defective service if it is not shown that the place of service was the defendant's notorious place of abode.

Neither the complaint, the account statement, nor the attorney's certificate set forth that O'Neal lived at 2249 Casher Court, Decatur, DeKalb County, Georgia, and that this was his residence, dwelling house, usual place of abode, or notorious place of abode in this county. Nor did it plead what his residence address was in the county when service was made. Only on the summons and the return of service had the plaintiff typed in the defendant's name and address as "Phillip O'Neal, 2249 Casher Ct., Decatur, Ga. 30032." The marshal's return of service had the name and address of the defendant typed in, but under service, O'Neal's name was handwritten, along with the name Emma Norwood and descriptive facts regarding her appearance; the rest of the return was preprinted, stating:

> I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this county. Delivered same into the hands of _____ described as follows age, about ___ years; weight, about ___ pounds; height, about ___ feet ___ inches, domiciled at the residence of defendant.

O'Neal has never appeared or responded, indicating that he may never have received notice of this action, notice of appeal, or the briefing schedule of the Court, because the plaintiff continues to use on its certificate of service "Phillip O'Neal, 2249 Casher Court, Decatur, Ga. 30032."

Reluctantly, this Court must reverse the trial court, because it is obvious that the trial court was concerned with judicial economy in dismissing with prejudice this overly stale action on account for the

attachment of the four-year statute of limitation as a bar, rather than to enter a void judgment, which could be set aside by collateral attack for lack of personal jurisdiction when it was sought to be enforced upon finding O'Neal, when he is found. OCGA § 9-11-60. The last entry of a charge occurred on November 9, 1995, and the statement was rendered November 20, 1997, but suit on the open account was brought on December 8, 2000.

When there has been no actual service, the judgment can successfully be collaterally attacked for lack of personal jurisdiction as void, because there has been no "real" default for failure to answer a complaint that was never served, and thus, OCGA § 9-11-12 (b) and affirmative defenses cannot be waived. *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973); *Collins v. Peacock*, 147 Ga. App. 424, 428 (3) (249 SE2d 142) (1978).

(a) The trial court lacks authority to assert on behalf of a party affirmative defenses that can be waived.

> [The defendant] has not filed a plea of the statute of limitation prior to the trial as is required by Section 8 (c) of the Civil Practice Act ([OCGA § 9-11-8 (c)]; Ga. L. 1966, pp. 609, 619; 1967, pp. 226, 230). Furthermore, during the trial the defendant filed no motion in such regard or otherwise attempted to raise such issue. A defendant may not avail himself of an affirmative defense which he failed to properly present. As pointed out in decisions prior to the Civil Practice Act: The bar of the statute of limitation is a privilege to the defendant, the benefit of which he may elect to take advantage of or waive as he pleases. The statute in most instances operates upon the remedy and not the right; and hence if the defendant chooses not to raise the objection of the lapse of the statutory time, the right will be enforced, and will result in a judgment which will possess all the attributes of, and be as effective as, a judgment rendered within the statutory period.

(Citations and punctuation omitted.) *Searcy v. Godwin*, 129 Ga. App. 827, 829 (1) (201 SE2d 670) (1973). See also *Ga. Receivables v. Cheatham*, 216 Ga. App. 656, 658 (455 SE2d 375) (1995) (Smith, J., concurring specially) (physical precedent only).

> [OCGA § 9-11-12 (h) (3)] deals solely with the duty of the trial court to dismiss an action when it appears that subject-matter jurisdiction, a nonwaivable defect which would render any judgment in the action void, is absent. It does not authorize a trial court judge to enforce, over the objection of

the defendant, a waivable defense held by that defendant. This was error.

*McLanahan v. Keith*, 239 Ga. 94, 96 (236 SE2d 52) (1977), overruled on other grounds, *Little v. Walker*, 250 Ga. 854, 855 (301 SE2d 639) (1983). Thus, the trial court lacked the authority to enter a dismissal with prejudice in this case, which constitutes reversible error.

(b) Under USCR 15, which is the same as the superior court rule, the trial judge is required to make a determination from the record by the pleadings, return of service, the certificate of counsel, and any evidence before the trial court prior to granting a default judgment that there has been valid service from the method of service and that there exists a true default, without motion to open default pending, under the facts and circumstances of the case presented before the court. Thus, the trial court has the duty to determine upon the presentation of the certification of default by counsel that there has been service and that the defendant is in fact in default prior to entry of a default judgment to avoid a fraud on the court or the cluttering of the court records with void judgments that must be later set aside. Such duty is to properly administer suits and procedure for judicial economy and to avoid injustice from void judgments. Thus, on remand, the trial court must perform these duties imposed by uniform rule of court approved by the Supreme Court of Georgia. See Ga. Const. of 1983, Art. VI, Sec. IX, Par. I. "The State Constitution also gives [the Supreme Court of Georgia] authority to make rules to 'provide for the speedy, efficient, and inexpensive resolution of disputes and prosecutions' [u]nder [its] inherent and rulemaking powers." (Citation omitted.) *Garcia v. Miller*, 261 Ga. 531, 532 (3) (408 SE2d 97) (1991). See also *Davis v. Gaona*, 260 Ga. 450, 453 (4) (396 SE2d 218) (1990) (power of Supreme Court with advice and consent of the affected class of court to adopt uniform procedural rules to provide for " 'speedy, efficient, and inexpensive resolution of disputes and prosecutions' ").

In this case, neither the complaint nor the certificate of counsel indicates that the place where constructive service was allegedly made was the residence, dwelling house, usual place of abode, or notorious place of abode of the defendant. Only the printed return of service gives any indication that this was the residence and does not indicate if it was based upon the information placed in the form, the summons of process and return of service by plaintiff's counsel, or if it came from information otherwise known to the marshal from his actual service on the resident of the dwelling. The return of service of the marshal does not show that the marshal had direct, personal knowledge that the residence where service was made was the defendant's dwelling house or usual place of abode or that the person

served resided therein. See *Yelle v. U. S. Suburban Press*, 216 Ga. App. 46, 47 (453 SE2d 108) (1995). The affidavit/certificate of counsel is deficient because it pleads only conclusions in a form fashion, providing no facts to support the legal conclusions of notorious service. Specifically, the affidavit/certificate of counsel asserts that service was made notoriously without certifying what the residence address of the defendant was and that this was, in fact, defendant's dwelling house, usual place of abode, or notorious place of abode. The affidavit of counsel states only that "[t]he Defendant was served on December 12, 2000 by notorious service," which would be under OCGA § 9-11-4 (e) (6) and not under § 9-11-4 (e) (7) as actually returned by the marshal. However, the marshal's return of service, while marking "notorious" service, actually shows a constructive/substitute service on "Emma Norwood . . . domiciled at the residence of defendant," which would be made under OCGA § 9-11-4 (e) (7). This raises an initial question of internal inconsistency or conflict of fact on the face of the return for the trial court to resolve.

Thus on remand, under the facts and circumstances of this case and USCR 15, the trial court must satisfy itself that there has been a valid service and that there has been a default unopened prior to the entry of a default judgment. In carrying out such duty, it would be appropriate on remand for the trial court either to require plaintiff to amend its complaint to set out the known residence of the defendant, which would allow the defendant to answer an amended complaint or, in the alternative, to require counsel to amend his affidavit/certificate of counsel to certify under oath that the defendant's residence address, dwelling house, usual place of abode, or notorious place of abode in the certificate was where the service was made notoriously, instead of drawing a mere conclusion to that effect, or to otherwise tender other probative evidence to such effect. Further, the trial court, in the exercise of its discretion, may require the marshal serving the complaint, by affidavit or oral testimony, to swear how he or she knew that this was the defendant's residence, dwelling, usual place of abode, or notorious place of abode and that the person whom he served actually lived there. In this fashion, the trial court may determine the sufficiency of the certificate of counsel under USCR 15. As found in the record, the affidavit/certificate is conclusory in stating that the defendant was served notoriously and is in default as a consequence.

Should plaintiff fail to properly establish that this was the defendant's residence, dwelling house, usual place of abode, or notorious place of abode, then dismissal without prejudice for lack of personal jurisdiction, lack of service of process, and defective service of process would be appropriate, because then the complaint on its face would fail to show the residence, dwelling house, usual place of

abode, or notorious place of abode of the defendant in order to obtain constructive/substitute service. Nor would any affidavit of either the marshal or counsel for the plaintiff state that O'Neal had his residence and notorious place of abode at 2249 Casher Court, Decatur, Georgia, for purposes of notorious service. See *Tolbert v. Murrell*, 253 Ga. 566, 567-568 (1) (322 SE2d 487) (1984); *Wahnschaff v. Erdman*, 216 Ga. App. 355 (454 SE2d 213) (1995); *Yelle v. U. S. Suburban Press*, supra at 47; *Garrett v. Godby*, 189 Ga. App. 183, 184-185 (2) (375 SE2d 103) (1988). "The burden is [upon] the plaintiff to ascertain the defendant's residence [or notorious place of abode for purposes of perfecting timely and lawful service], and that obligation does not arise only upon expiration of the statute of limitation." (Punctuation omitted.) *Mitchell v. Hamilton*, 228 Ga. App. 850, 851 (1) (493 SE2d 41) (1997); *Devoe v. Callis*, 212 Ga. App. 618, 619 (1) (442 SE2d 765) (1994). Under the Civil Practice Act, the plaintiff must plead facts upon which the venue is based, i.e., the defendant's address within the county. See OCGA §§ 9-11-8 (a) (2); 9-11-104; *Chancey v. Hancock*, 225 Ga. 715, 716-717 (171 SE2d 302) (1969); *Martin v. Approved Bancredit Corp.*, 224 Ga. 550, 551-552 (1) (163 SE2d 885) (1968), overruled on other grounds, *Cochran v. McCollum*, 233 Ga. 104, 105 (210 SE2d 13) (1974). However, a bare allegation of residence within the county without specifying a specific address is generally sufficient to set forth venue, which plaintiff did in this case. *Aiken v. Bynum*, 128 Ga. App. 212-213 (1) (196 SE2d 180) (1973). See also *Martin v. Approved Bancredit Corp.*, supra at 551.[1] The complaint sets forth in only general terms venue without the address and failing to set forth the residence address of the defendant; this constitutes an admission in judicio that the plaintiff did not know the defendant's residence or usual place of abode in the county. *Tow v. Evans*, 194 Ga. 160, 162 (2) (20 SE2d 922) (1942).

Where matter is contained in a pleading from which inferences

---

[1] OCGA § 24-3-36. See also *Balest v. Simmons*, 201 Ga. App. 605, 609 (2) (411 SE2d 576) (1991).

Moreover, [plaintiff's] failure to disclose exceptions in the space provided when by his own admission he was aware of the alleged additional obligations compels application of the rule of estoppel by silence, as [plaintiff's] silence when he was offered an opportunity to raise his claim for additional payment was tantamount to an admission that no such exceptions existed.

(Citation omitted.) Id.

The return was silent as to the residence of the president [of the foreign corporation], and yet after service upon the local agent alone the default judgment was held sufficient. . . . Whatever may be the rule in ordinary cases, both the allegations and the silence of this motion make it certain that the garnishee had been duly served. . . . This proof sometimes appears from facts on the face of the record, or from the failure of certain other facts to appear in the record.

(Citations omitted.) *Jones v. Bibb Brick Co.*, 120 Ga. 321, 327 (48 SE 25) (1904). See also *Busey v. Milam*, 95 Ga. App. 198, 203 (2) (97 SE2d 533) (1957).

of fact may be drawn beneficial to the opposite party, such inference may be considered as evidence in the record in favor of the opposite party as an admission in judicio, which can be taken advantage of by either party without the pleadings being introduced into evidence. "[S]ilence, when the circumstances require an answer, a denial, or other conduct, may amount to an admission." OCGA § 24-3-36; *Metro Leasing v. Health, Ed. &c. Svcs.*, 193 Ga. App. 157, 158 (387 SE2d 399) (1989); *Taylor v. Crawford*, 119 Ga. App. 262, 264 (3) (167 SE2d 404) (1969); *Wheeler v. Salinger*, 33 Ga. App. 300, 301, hn. 7 (125 SE 888) (1924). Such admission in judicio cannot be contravened by evidence unless or until withdrawn by amendment, which amendment would allow the defendant to answer the amended complaint. See generally *Puppy Love Kennel v. Norton*, 158 Ga. App. 69, 70 (279 SE2d 312) (1981).

Generally, the return of service is prima facie evidence that service was made at defendant's most notorious residence and would be conclusive that this was the notorious place of abode. *Meier v. Bennett*, 208 Ga. App. 688, 689 (431 SE2d 462) (1993); *Garrett v. Godby*, supra at 184 (1). However, the admission in judicio of lack of knowledge of the notorious place of abode rebuts the return that this was defendant's notorious residence. See generally *Daniel v. Leibolt*, 178 Ga. App. 186, 190 (342 SE2d 334) (1986). Therefore, the admission in judicio that the plaintiff did not know defendant's dwelling or usual place of abode is clear and convincing evidence of the strongest nature capable under the facts of this case where the defendant has never appeared. Such overcomes the printed entry of service of the marshal that the constructive/substitute service was made at defendant's notorious place of abode. See generally *Bullard v. West Star Financial Corp.*, 231 Ga. App. 521 (500 SE2d 51) (1998); *Sorrow v. Seloff*, 177 Ga. App. 87 (1) (338 SE2d 482) (1985) (impeachment of evidence of service). Compliance with OCGA § 9-11-4 (e) (7) by constructive/substitute service means what it says, i.e., that the defendant receive actual notice of the action after service upon a person who resides at the defendant's place of abode. See *Bible v. Bible*, 259 Ga. 418, 419 (383 SE2d 108) (1989). It is for the trial judge to decide weight and credibility where there exists a dispute as to evidence of defendant's usual place of abode. *In the Interest of S. S.*, 246 Ga. App. 248, 249 (1) (540 SE2d 238) (2000); *Clark v. Dennis*, 240 Ga. App. 512, 513 (1) (522 SE2d 737) (1999); *Forsythe v. Gay*, 226 Ga. App. 602, 603 (1) (487 SE2d 128) (1997).

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED JANUARY 15, 2002.

*Frederick J. Hanna & Associates, Elizabeth C. Whealler*, for appellant.