## S04F0347. COOKE v. COOKE.
### (594 SE2d 370)

SEARS, Presiding Justice.

Appellant Hugh Cooke appeals the trial court's dismissal of his complaint for divorce due to jurisdictional infirmities. Having reviewed the record, we conclude the trial court erred in determining that the appellee, Miranda Cooke, is not subject to long-arm jurisdiction in Georgia and that Fulton County is not the proper venue for this case. To the extent the trial court found that Hugh Cooke failed to establish he is a domiciliary of Georgia, that conclusion, too, is erroneous. Therefore, we reverse.

Hugh Cooke is an Irish citizen and Miranda Cooke is a citizen of Great Britain. In 1991, the parties were married in Britain and then moved to Ohio to oversee the management of their company, which is registered to conduct business in the United States. In 1992, the Cookes relocated their business to Georgia and bought a home in Fulton County. In 1997, Hugh, Miranda, and their five oldest children obtained permanent resident status in the United States (the youngest child being an American citizen by birthright). Since moving to this country in 1991, the Cookes have maintained a second home in Great Britain, where Miranda and the children currently reside.

All of the Cookes' six children were born in Great Britain except the youngest, who was born in Georgia. The children were educated in Fulton County public schools until 1999, when the older children enrolled in British schools. At that time, Miranda and the children returned to Britain, where they have since remained while Hugh has continued to reside at the couple's Georgia residence. Miranda and the children have returned to Georgia for brief periods during school vacations and in the summer, and Hugh has traveled to Britain to see his family.

In 2000, 2001 and 2002, the Cookes filed joint tax returns with the Georgia Department of Revenue, in which they declared themselves to be year-round residents of Georgia. In 2003, the Cookes received tax statements from British authorities showing they had

declared themselves to be non-residents of that nation for tax purposes.

In March 2003, Hugh filed in Fulton County Superior Court for divorce, equitable division of property and child custody. In April 2003, Miranda filed a motion to dismiss the complaint due to lack of personal jurisdiction, improper venue, and forum non conveniens. Miranda also initiated a separate divorce action in Great Britain. On Miranda's motion, the Georgia trial court dismissed Hugh's suit, holding that she was not subject to personal jurisdiction in Georgia and that Fulton County was not the proper venue for the proceedings. Although not entirely clear, the trial court also appears to have held that Hugh failed to establish he is presently domiciled in Georgia. The trial court did not address Miranda's argument concerning forum non conveniens.

1. Pretermitting whether Miranda is a Georgia resident and hence subject to personal jurisdiction in the state, it is clear that she is subject to jurisdiction under Georgia's domestic relations long-arm statute.

> A court of this state may exercise personal jurisdiction over any nonresident . . . [w]ith respect to proceedings for alimony, child support, or division of property in connection with an action for divorce [if the person] maintains a matrimonial domicile in this state at the time of the commencement of this action or if the defendant resided in this state preceding commencement of the action, whether cohabitating during that time or not.[1]

Georgia's domestic relations long-arm statute authorizes our courts to exercise personal jurisdiction over a party to a divorce action who has become a non-resident of this state if he or she resided in this state prior to commencement of the action.[2] Residency, of course, refers to living in a particular locality and requires only that one be bodily present and inhabiting that locale.[3] It being irrefuted that Miranda Cooke maintained her residence in Georgia from 1992 until at least 1997, she falls within the ambit of our domestic relations long-arm statute.

Of course, before permitting the exercise of long-arm jurisdiction, due process requires that a defendant, if she is not present in the forum state, "have certain minimum contacts with it such that

---

[1] OCGA § 9-10-91 (5).

[2] *Braden v. Braden*, 260 Ga. 269, 270 (392 SE2d 710) (1990).

[3] *Griffin v. State Farm Mut. Automobile Ins. Co.*, 129 Ga. App. 179, 182 (199 SE2d 101) (1973).

the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "[4] In this case, Miranda Cooke purposefully availed herself of the privilege of maintaining a matrimonial domicile in Georgia — notably, her final such domicile in this country before returning to Britain.[5] In connection with her domicile, she obtained certain rights and incurred several significant obligations. As we have recently held in a similar case, that is a sufficient basis upon which to conclude that the exercise of long-arm jurisdiction over Miranda Cooke comports with due process precepts of "fair play" and "substantial justice."[6]

2. The trial court erred in dismissing this matter due to improper venue.

> Divorce cases shall be tried in the county where the defendant resides, if a resident of this state; if the defendant is not a resident of this state, then in the county in which plaintiff resides.[7]

Simply put, where (as here) a defendant in a divorce action lives outside of Georgia, the action may be brought in the plaintiff's county of residence.[8] Accordingly, Fulton County, where Hugh Cooke maintains his residence, is the proper venue for this action.

3. The trial court also held that because:

> [T]here has not been a showing of the requisite intention of remaining at the Georgia residence, a new domicile has not been established in this State for the purpose of allowing this legal proceeding.

We take this to mean that the trial court concluded Hugh Cooke had

---

[4] *International Shoe Co. v. Washington*, 326 U. S. 310, 316 (66 SC 154, 90 LE2d 95) (1945).

[5] See The Georgia Domestic Long-Arm Statute: An Appraisal, 18 Ga. L. Rev. 691, 722 (1984).

[6] *Walters v. Walters*, 277 Ga. 221, 223-224 (586 SE2d 663) (2003). We note, however, that Georgia's domestic long-arm statute permits the exercise of jurisdiction over Miranda only with regard to claims for divorce, alimony, child support, and property division. Whether Georgia's courts may exercise jurisdiction over Hugh's claim for child custody must be determined in accordance with the Uniform Child Custody Jurisdiction and Enforcement Act, OCGA § 19-9-40 et seq., as well as any relevant international agreements and/or treaties.

[7] Ga. Const. (1983), Art. VI, Sec. II, Par. I. Contrary to appellant's argument, we find that the language of the 1990 amendment to this constitutional provision, providing that when a person becomes a defendant in a divorce action within six months of changing residence from one county in Georgia to another, the action may be brought in the plaintiff's county of residence, see 1990 Ga. Laws 2340, is not applicable to the facts of this particular matter.

[8] *Holtsclaw v. Holtsclaw*, 269 Ga. 163, 165 (496 SE2d 262) (1998).

failed to establish that he is a domiciliary of Georgia by showing he had been a bona fide resident of the state for six months preceding his filing of the divorce claim and intends to maintain his Georgia residence indefinitely.[9] However, the record establishes that the Cookes lived together as a couple in Fulton County for seven years, until 1999. Thereafter, Hugh Cooke elected to remain in Georgia even though his wife and children had returned to Great Britain. Hugh Cooke's unrebutted affidavit shows that his intention has been to maintain his domicile in Georgia, where his employment, primary source of income, and residence are located. The fact that Hugh Cooke obtained permanent resident alien status in 1997 is a strong indicator that he intended to establish and maintain his domicile in this country.[10] Moreover, he has designated himself a year-round resident of Georgia on state tax returns, and declared himself to be a non-resident of Britain for tax purposes. Accordingly, to the extent the trial court concluded that Hugh Cooke failed to establish that he is a domiciliary of Georgia, that conclusion was erroneous.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 29, 2004.

*Bondurant, Mixson & Elmore, Michael B. Terry, Sarah M. Shalf, McGuire, Crohan & Klinger, James D. McGuire, Stanford N. Klinger,* for appellant.

*Stern & Edlin, George S. Stern, David J. Beaudry,* for appellee.

---

[9] See OCGA § 19-5-2; *Abou-Issa v. Abbou-Issa,* 229 Ga. 77, 78 (189 SE2d 443) (1972).

[10] See *Melian v. Immigration & Naturalization Svc.,* 987 F2d 1521, 1524-1525 (11th Cir. 1993).