296 Ga. 432
FINAL COPY

S14F1754.  GUERRERO v. GUERRERO.

THOMPSON, Chief Justice.

We granted the discretionary application of Timothy Guerrero (husband) under our Rule 34 (4) to determine whether the trial court erred in its denial of a motion for new trial in this divorce and child support action. After reviewing the record, we find that husband was not properly served with the summons and complaint, and therefore, we reverse the trial court's order denying husband's motion for new trial.

Husband and wife, Beth Guerrero, were married in July 2003. Together they had four children, all of whom are minors and reside with their mother in Butts County, Georgia. In May 2012, wife filed a complaint for divorce alleging that husband was a resident of the State of California and had moved from the marital residence in Butts County within the six months preceding the filing of the divorce action, thus subjecting husband to the jurisdiction and venue of the Butts County Superior Court. She also averred that husband could be personally served at 9786 Arrow, Rancho Cucamonga, California. In order to serve the summons and complaint, wife retained Bosco Legal Services, Inc., a private

legal service company, which attempted on several occasions to personally serve husband at the Rancho Cucamonga address. After several failed attempts at personal service, a process server named Jeffery G. Dunn returned an affidavit of service indicating he served husband by substitute service at 9786 Arrow, Rancho Cucamonga, California, by leaving the complaint "with or in the presence of: Maria Schiemm, Occupant" who was a "[p]erson of suitable age and discretion."

A final hearing was scheduled for December 3, 2012, but no notice of the hearing was provided to husband because of his failure to file responsive pleadings. Husband did not appear at the hearing, and the following day, the trial court entered a final decree granting a divorce and awarding wife sole physical and legal custody of the minor children, in addition to child support. Husband was awarded visitation with the children at such times and dates as agreed by the parties.

Upon learning that a final judgment had been entered, husband hired counsel and filed a motion for new trial asserting, among other things, that he had not been properly served. In support of his motion, husband presented the affidavit of his California landlord, Janice Graber, in which Graber stated that

the prior tenant of the Rancho Cucamonga property was a woman named Marianne Schenk. Graber speculated that the process server had misspelled Marianne Schenk's name by spelling it "Maria Schiemm." Husband submitted no other evidence to support his claim of improper service, although he argued in his brief and through counsel that Maria Schiemm did not reside at his residence and he does not know who she is. The trial court rejected husband's claim of improper service and denied the motion for new trial.

1. On appeal, husband contends the trial court was without jurisdiction to grant a divorce or any other form of relief because he was not properly served with the summons and complaint.

Wife alleged in her complaint that husband was a resident of California and sought not only a divorce but also child custody and child support. Husband does not contend that the Georgia trial court could not exercise personal jurisdiction over him under the domestic relations provision of the Long Arm Statute. See OCGA § 9-10-91 (5) (providing that a court of this state may exercise personal jurisdiction over a nonresident if the nonresident, "[w]ith respect to proceedings for divorce, separate maintenance, annulment, or other domestic relations action or with respect to an independent action for support

3

of dependents, maintains a matrimonial domicile in this state at the time of the commencement of this action or if the defendant resided in this state preceding the commencement of the action"); Cooke v. Cooke, 277 Ga. 731 (1) (594 SE2d 370) (2004); Braden v. Braden, 260 Ga. 269, 270 (392 SE2d 710) (1990). Accordingly, the question of whether service was proper in this case is determined under OCGA § 9-10-94 which provides that if "[a] person [is] subject to the jurisdiction of the courts of the state under Code Section 9-10-91," he may be served outside the state in the same manner as if he were a resident of this state. See Braden, supra, 260 Ga. at 270. Thus, proper service upon husband could have been effectuated either by serving him personally or by leaving a copy of the summons and complaint at his "dwelling place or usual place of abode with some person of suitable age and discretion then residing therein." OCGA § 9-11-4 (e) (7).

The trial court made no factual findings regarding service in either its final judgment or its order denying husband's motion for new trial. Our own review of the record, however, reveals the absence of at least one essential element for proper service. The return of service signed by Dunn reflects on its face that he left a copy of the summons and complaint at husband's address with a woman

named Maria Schiemm whom he identified as an *occupant* and a person "of suitable age and discretion." Missing from Dunn's affidavit is any averment that Schiemm was a *resident* of the Rancho Cucamonga address, and we find no other evidence in the record to support such a conclusion. In the absence of any evidence that service was made upon a resident of husband's dwelling or usual place of abode, we must conclude that service was improper and husband's motion for new trial should have been granted. See Forsythe v. Gay, 226 Ga. App. 602 (1) (487 SE2d 128) (1997) (service at defendant's residence on daughter who lived next door insufficient); Acord v. Maynard, 198 Ga. App. 296, 297 (401 SE2d 315) (1991) (service at defendant's residence on daughter-in-law who did not reside with defendant insufficient); Mahone v. Marshall Furniture Co., 142 Ga. App. 242 (235 SE2d 672) (1977) (service at defendant's residence on babysitter who did not reside with defendant insufficient to obtain lawful service).

2. Because husband was not properly served with the summons and complaint, we need not address his remaining enumerations of error.

Judgment reversed. All the Justices concur.

Decided January 20, 2015.

Domestic relations. Butts Superior Court. Before Judge Wilson.

Johnston Owen & Bullard, Lance N. Owen, for appellant.

Fears Lawrence & Turner, Kenneth G. Lawrence, for appellee.