**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and PINSON, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**January 10, 2022**

# In the Court of Appeals of Georgia

A21A1620. HEARN v. GUARIN et al.

MERCIER, Judge.

In this personal injury action, defendant Carlyn McKinley Hearn moved to dismiss a complaint filed by plaintiffs Emilsen Guarin and Sonia Bolanos-Florez on the ground that she was not properly served. The trial court denied the motion, and Hearn now appeals. For the following reasons, we vacate the court's judgment and remand this case for further proceedings.

"Where a defendant claims there was a failure of service, the trial court has the authority to decide as a factual matter whether the service has occurred." *Oden v. Legacy Ford-Mercury*, 222 Ga. App. 666, 667 (1) (476 SE2d 43) (1996) (citation omitted). And absent an abuse of discretion, this Court will uphold the trial court's ruling on a motion to dismiss for insufficient service of process. *Henderson v. James*,

350 Ga. App. 361 (829 SE2d 429) (2019). In other words, "[w]here there is some evidence to support a trial court's resolution of an issue of fact regarding sufficiency of service, this [C]ourt will not disturb that finding." *Sorrow v. Seloff*, 177 Ga. App. 87 (1) (338 SE2d 482) (1985).

The record reveals that Hearn and the plaintiffs were involved in a car wreck on April 6, 2018. The plaintiffs filed their personal injury complaint against Hearn on February 19, 2020. On March 11, 2020, Hearn filed an answer and defenses by special limited appearance. Among her defenses, Hearn alleged that the plaintiffs failed to properly serve her with the complaint as required by OCGA § 9-11-4 (service of process). According to the process server, Hearn was subsequently notoriously served on March 28, 2020 with a copy of the summons and complaint left with her father "who self-identified as co-resident" at an address in Lula, Georgia.

In December 2020, after the expiration of the statute of limitation,[1] Hearn filed a motion to dismiss, contending that service was improper. She attached an affidavit averring that at the time of the filing of the lawsuit and the purported service of the summons, she did not reside at her father's home in Lula, Georgia, but resided at a residence at Clarkesville, Georgia. Also attached to Hearn's motion to dismiss was

---

[1] See OCGA § 9-3-33 (two-year statute of limitation for personal injury actions).

a copy of a lease dated 2018 and signed only by Hearn (as the tenant) showing the Clarkesville address; Hearn's internet bill dated March 18, 2020 addressed to her at the Clarkesville address; the affdivait of her father who averred that he did not tell the process server that Hearn resided at his home and that he helped her move into her Clarkesville home in 2018; and the affidavit of an individual who averred that Hearn had lived at the Clarkesville address since 2018 and was his neighbor.

Following a hearing where the process server and Hearn's father testfied, the trial court denied Hearn's motion to dismiss, finding that "the presumption of valid service remains and . . . [Hearn] was properly served by notorious service on March 28, 2020." We granted Hearn's application for interlocutory review, and this appeal followed.

On appeal, Hearn argues that her affidavit, along with the affidavits of her father and her neighbor, were based upon direct, personal knowledge; that the affidavits show that she did not reside with her father at the time of the March 2020 service; and that the process server's testimony was based upon hearsay and therefore carried no probative value and failed to prove her residence. Hearn argues further that the trial court improperly focused on her failure to present certain evidence, "adding unnecessary and arbitrary evidentiary requirements for rebutting the affidavit of

3

service;" erred in finding that the internet bill she provided was dated March 2018, when it was actually dated March 2020; and erred in ignoring her neighbor's affidavit.

The trial court's order shows that it did not consider Hearn's internet bill from March 2020, stating in error that the bill was dated 2018 and specifically finding that Hearn did not present evidence "showing utility bills in her name in March of 2020."[2] Because this erroneous factual finding was material to the trial court's conclusion that Hearn was properly served, and we cannot conclude in the face of conflicting evidence that the court would have had no discretion to reach a different judgment had it used the correct facts, we cannot affirm. See generally *Reynaud v. Five Oaks Dev.*, 359 Ga. App. 606, 610 (1) (859 SE2d 570) (2021). Rather, we must vacate the trial court's order and remand this case for the exercise of the court's discretion to determine whether, based upon proper facts, Hearn met her burden of overcoming the prima facie presumption that service was properly made. See generally *Moore v.*

---

[2] Further, while the trial court stated in its order that it considered "all of the evidence that was presented, or failed to be presented," it described the evidence it considered from Hearn as follows: "The [c]ourt has considered [Hearn's] affidavit, her father's affidavit and testimony, the 2018 rental agreement[ ], and the lone one-month internet bill from 2018." The court does not mention the affidavit Hearn submitted from her neighbor. Therefore, it is not entirely clear that the court considered all of the evidence presented by Hearn.

4

*Hullander*, 345 Ga. App. 568, 570 (1) (814 SE2d 423) (2018) (trial court abuses its discretion where it clearly errs in a material factual finding). See also, e.g., *McRae v. White*, 269 Ga. App. 455, 456-458 (604 SE2d 291) (2004) (explaining the presumption of proper service and the shifting of the burden of proof); *Lebbos v. Davis*, 256 Ga. App. 1, 2-3 (1) (567 SE2d 345) (2002) (same).

*Judgment vacated and case remanded with direction. Dillard, P. J., and Pinson, J., concur*.